JUAN RIVERA BARRETO, demandante y recurrente, *v.* ELBA A. OTERO DE JOVÉ, demandada y recurrida.

*Número:* R-69-268 *Resuelto:* 22 de junio de 1970

*Pedro Pérez Rodríguez,* abogado del recurrente; *Emeterio Maldonado Guzmán,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Juan Rivera Barreto instó un recurso de *mandamus* contra la Alcaldesa de Arecibo, doña Elba A. Otero de Jové, ante el Tribunal Superior, Sala de Arecibo. La demanda contiene las siguientes alegaciones y súplica:

"PRIMERO: El Peticionario es mayor de edad, vecino de Arecibo y Empleado permanente del Municipio de Arecibo.

SEGUNDO: El Peticionario ha trabajado por espacio de veintiocho años con dicho Municipio en forma eficaz y honesta devengando un sueldo de $244 mensuales.

TERCERO: Que el día 9 de abril de 1969, la Sra. Elba A. Otero de Jové, Alcalde de Arecibo removió de su puesto al Peticionario por alegados cargos sin tener causa justificada para el despido y sin la celebración de una audiencia o vista administrativa.

CUARTO: Que la acción de la Sra. Elba A. Otero de Jové, Alcalde de Arecibo menoscaba y vulnera el derecho del Peticionario a permanecer en su puesto mientras no se le destituya por justificada causa. Dicho derecho está consignado en la Ley Núm. 142 del año 1961 conocida como 'Ley Municipal'.

QUINTO: Que la Sra. Elba A. Otero de Jové, Alcalde de Arecibo, tiene la obligación y el deber de reponer al Peticionario en el Puesto que él ocupaba en el Municipio de Arecibo, hasta el día 9 de abril de 1969, como Supervisor de Limpieza en el Departamento de Limpieza, Equipo y Transportación.

SEXTO: Que el Peticionario no tiene otro recurso adecuado y eficaz en Ley para obtener el remedio solicitado.

POR LO TANTO, El Peticionario Suplica al Honorable Tribunal se sirva expedir un Auto Mandamus dirigido a la Sra. Elba A. Otero de Jové, Alcalde de Arecibo, ordenándole que proceda a reponer en su puesto al Peticionario y a pagarle los sueldos dejados de percibir como consecuencia de la destitución o en su lugar comparezca ante este Tribunal en el día y sitio que señala a exponer la razón por la cuál no ha cumplido con todo lo ordenado en el Auto." (Autos originales, págs. 1, 2.)

La demandada contestó aceptando los hechos alegados en los párrafos marcados Primero y Segundo en la demanda. Del párrafo Tercero aceptó que "removió de su puesto al demandante el día 9 de abril de 1969 mediante formulación de cargo, pero negó que tal "suspensión fuera sin justa causa". Negó además las alegaciones expuestas en los párrafos Cuarto, Quinto y Sexto.

Como defensas especiales la demandada alegó lo siguiente:

"*Primero*:—Que la Alcaldesa de Arecibo, doña Elba A. Otero de Jové suspendió al demandante en este caso Sr. Juan Rivera Barreto de su cargo como Supervisor de Limpieza del Departamento de Limpieza, Equipo y Transportación del municipio de Arecibo previa formulación de cargos que le fueron notificados al demandante por carta el día 9 de abril de 1969; Que formalmente se le notificó al demandante que se celebraría una vista ante el comité de Querellas el día 14 de mayo del 1969 con el propósito de ver el caso de su cesantía y darle oportunidad de defenderse de los cargos en su contra, pero que el demandante no compareció a dicha audiencia; que se ha señalado una nueva vista o audiencia ante el comité de Querellas para el día 26 de mayo del 1969, y que se le ha notificado al demandante, apercibiéndole que de no comparecer solo o asistido de abogado, el comité de Querellas municipales verá el caso de destitución sin mas citarle ni oirle.

*Segundo*:—Que este Tribunal no tiene jurisdicción para entender en este recurso de mandamus ya que el peticionario no ha agotado todos los otros recursos adecuados y eficaces en Ley para obtener el remedio solicitado, más aún cuando la acción de la Honorable Alcaldesa Elba A. Otero de Jové ha seguido estrictamente el procedimiento para suspensión y destitución de empleados municipales establecido en la ordenanza municipal No. 46 serie 1966 del municipio de Arecibo, y cuya Ordenanza lee de la siguiente manera en su sección 18:

'Las audiencias relacionadas con destituciones de empleados municipales se celebrarán ante la Comisión de tres personas cuya creación dispone la Ley Municipal. En dicha audiencia el empleado podrá defenderse de los cargos formulados por el Alcalde y estar representado por abogado. CUALQUIER EMPLEADO PODRA SER SUSPENDIDO DE EMPLEO Y SUELDO POR EL ALCALDE CUANDO ÉSTE LE FORMULARE CARGOS. De la resolución de la Comisión confirmando la destitución el empleado podrá, dentro de los quince (15) días siguientes a la notificación, solicitar la *revisión judicial* de su destitución ante el Tribunal Superior, según lo dispone la Ley Municipal.'

—Que no habiéndose agotado este recurso en ley antes reseñado, no procede este recurso de *mandamus*. (32 L.P.R.A. sec. 3423.)

*Tercero*:—Que la Hon. Alcaldesa Elba A. Otero de Jové tenía causa justificada y evidencia suficiente para la formulación de los cargos de 'Descuido y negligencia en el desempeño de sus funciones' y de 'Insubordinación', lo cual será debidamente evaluado por el comité de Querellas municipales en su audiencia el día 26 de mayo del presente." (Autos originales, págs. 7, 8.)

Se celebró una vista en la que, según podemos inferir de notas obrantes en los autos originales, se discutió la cuestión jurisdiccional planteada por la demandada en su contestación.

El tribunal de instancia, basándose exclusivamente en las alegaciones de las partes, esto es, en la demanda y en la contestación dictó resolución declarándose sin jurisdicción. Solicitó el demandante la reconsideración y con fecha 15 de septiembre de 1969, el tribunal dictó una resolución decla-

rando sin lugar la reconsideración, exponiendo como fundamentos para ello que de "las alegaciones surge claramente que el demandante fue *suspendido* de empleo y sueldo mediante la formulación de cargos" y que se le notificó de vista ante el Comité de Querellas, que no concurrió a tal vista y que se ha señalado una nueva vista o audiencia; "Estamos convencidos", dijo el tribunal, "que en este caso no se trata de 'destitución' sino más bien de *suspensión* con disposición o pendiente de continuarse los procedimientos según la anteriormente citada disposición de la 'Ley Municipal'."; y que se desestimaría el recurso por ser prematuro.

■ Se queja la recurrida de que el recurrente haya elevado a este Tribunal una carta dirigida por ella al recurrente, sin que se hubiera presentado como prueba en el tribunal de instancia, y en la cual después de informarle que le formula cargos 1.) por descuido y negligencia en el desempeño de sus funciones, y 2) insubordinación, termina así "Por lo tanto, basándome en lo anteriormente expresado, lo destituyo a usted, Juan Rivera Barreto, del puesto de Supervisor de Limpieza que ocupaba en el Departamento de Limpieza, Transporte y Equipo de este Municipio, efectiva esta destitución en la fecha de notificación de la presente." Sostiene además la recurrida que existen otras cartas que "desmienten mucho de lo alegado por el Recurrente." Además la recurrida. hace referencia en su alegato a ciertos procedimientos posteriores habidos ante la Comisión para Ventilar Cargos contra Empleados y Funcionarios Municipales.

Convenimos en que debemos resolver este caso a base de las constancias en los autos originales y considerando los argumentos expuestos por las partes.

Dichas constancias son indicativas de que la resolución dictada por el Tribunal Superior en este caso es una sentencia por las alegaciones. Véase Regla 10.3 de Procedimiento Civil.

El tribunal a quo resolvió que el recurrente fue suspendido y no destituido de su cargo según alegaba. No tuvo prueba alguna ante sí para fundamentar su fallo. Se limitó a interpretar las alegaciones y a base de ellas resolvió la cuestión crucial sobre la procedencia del recurso de *mandamus*. Incidió.

En el párrafo tercero de la demanda se alegó que la recurrida *"removió de su puesto* al Peticionario por alegados cargos sin tener causa justificada para *el despido* y sin la celebración de una audiencia o vista administrativa". En el párrafo cuarto alegó que la acción de la Alcaldesa vulnera el derecho del Peticionario a permanecer en su puesto mientras no se le destituya por justificada causa.

En la súplica de la demanda se solicita que se expida un auto de *mandamus* contra la recurrida, ordenándole que proceda a reponer en su puesto al peticionario y pagarle los sueldos dejados de percibir "como consecuencia de la destitución . . . ."

 Si bien la súplica de la demanda no forma parte de ésta, sirve para interpretarla.[1] Considerando las alegaciones de la demanda que hemos señalado junto a su súplica, tenemos que concluir que el demandante ha alegado que fue despedido de su cargo por la demandada sin la celebración de la vista administrativa que señala la ley.[2] Tomados como ciertos esos hechos, procedía la consideración del *mandamus* en sus méritos.

█ Ahora bien, la demandada alegó en su contestación que no había despedido al demandante sino que lo había suspendido de empleo y sueldo mediante la formulación de cargos. Estas alegaciones no requieren una alegación respondiente y por lo tanto se tendrán por negadas. Regla 6.4

---

[1] *Sánchez* v. *De Choudens,* 76 D.P.R. 1 (1954).

[2] *Bezares* v. *González, Alcalde,* 84 D.P.R. 468 (1962).

de Procedimiento Civil.(³) Las alegaciones de la contestación se toman como ciertas cuando no se niegan o no están en conflicto con las alegaciones de la demanda.(⁴)

Bajo las alegaciones de ambas partes, se estableció una controversia de hecho sobre si el demandante había sido despedido o si solamente suspendido de su empleo y sueldo. Al declararse sin jurisdicción, el tribunal a quo resolvió dicha controversia sin prueba alguna que sostenga su conclusión.

Bajo la Regla 10.3 de Procedimiento Civil, aplicable a los recursos de *mandamus,* no procede una sentencia por las alegaciones cuando de las mismas surge, como en este caso, una controversia sustancial de hechos. Todos los hechos bien alegados en la demanda y las inferencias que puedan hacerse de las mismas se estiman admitidas por la parte demandada cuando ésta solicita la sentencia por las alegaciones. *Geist* v. *Prudential Ins. Co. of America,* 35 F.Supp. 790; *Link* v. *Wabash Railroad Company,* 237 F.2d 1; *Friedman* v. *Washburn Co.,* 145 F.2d 715; *Kadylak* v. *O'Brien,* 32 F.Supp. 281; *Brenich,* supra; *United States* v. *Hole,* 38 F.Supp. 600; *Behrens* v. *Skelly,* 76 F.Supp. 75; 2A Moore's *Federal Practice,* pág. 2342.

Por todo lo expuesto, concluimos que en este caso no procedía una sentencia por las alegaciones.

*Se revocará la resolución objeto de esta revisión y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández, no intervino.

---

(³) *Brenich* v. *Reading Co.,* 9 F.R.D. 420.

(⁴) *Stanton* v. *Larsh,* 239 F.2d 104.