COMPAÑÍA DE DESARROLLO COMERCIAL DE PUERTO RICO, demandante y recurrente, *v.* AMERICAN FRUITS AND VEGETABLES, INC., demandada y recurrida.

*Número:* R-75-38      *Resuelto:* 22 de septiembre de 1975

*Héctor Rivera Cruz, Juan Lasa Díaz, Jorge J. García Santiago,* abogados de la recurrente; la recurrida no compareció.

PER CURIAM: El 1 de octubre de 1974 la recurrente, una corporación pública del Estado Libre Asociado de Puerto Rico, demandó a la recurrida, American Fruits and Vegetables, Inc., por cánones alegadamente adeudados desde el 1 de mayo de 1974 a base de $1,950.00 mensuales bajo un contrato de arrendamiento de un refrigerador de más de dos mil pies cuadrados de superficie, con sus respectivos accesos para carga y descarga. En la súplica de la demanda se solicitó sentencia por $11,700.00, suma representativa de los

cánones supuestamente vencidos, así como por "cualquier otro canon que se venza, más el interés legal correspondiente y una cantidad razonable para cubrir gastos, costas y honorarios de abogado."

Pocos días más tarde, la recurrente solicitó el aseguramiento de la sentencia. Mientras se diligenciaba el embargo, la recurrida ofreció depositar un cheque certificado por $11,700.00 para que el embargo se suspendiese. Estuvo conforme la demandante recurrente y se envió el cheque a la Secretaría del Tribunal Superior en aseguramiento de la sentencia que pudiese recaer en su día.

Después de este incidente American Fruits contestó la demanda, admitiendo la deuda de $11,700.00, pero apuntando que "el demandado y la demandante habían acordado que el demandante luego del pago antes referido desistiría de la causa de acción por haber recibido la cantidad reclamada." Por tal motivo se solicitaba del Tribunal que dictase sentencia de acuerdo a las alegaciones y archivase el pleito. American Fruits no radicó declaración jurada o documento alguno acreditativo del alegado acuerdo de transacción.

La parte demandante solicitó entonces que se señalase el caso para juicio. Lo que ocurre inmediatamente después es que el tribunal de instancia dicta sentencia por las alegaciones, ordenándole a la recurrida satisfacerle la suma de $11,700.00 a la recurrente.

La recurrente radicó entonces moción de reconsideración, donde le señalaba al tribunal que, a la fecha de dicha moción, la recurrida continuaba ocupando el lugar arrendado sin pagar los cánones correspondientes, por lo que, en adición a los $11,700.00 reconocidos, se adeudaban $5,850.00 adicionales. El tribunal denegó de plano la reconsideración y se ha acudido ante nos en revisión de su sentencia.

Se cometió error al dictarse sentencia por las alegaciones en las circunstancias reseñadas. Surge de lo expuesto

que existe en este caso una controversia sobre los hechos que debe dilucidarse.

■ El acuerdo mencionado en la contestación representa a todas luces una defensa afirmativa. Las defensas afirmativas no exigen réplica bajo las disposiciones de la Regla 6.4 de las de Procedimiento Civil, aunque en ciertas situaciones el tribunal puede requerirla, lo cual no ocurrió aquí. 5 Wright and Miller, *Federal Practice and Procedure*, sec. 1184, pág. 16; sec. 1186, págs. 22–23; sec. 1279, pág. 354; 2A Moore, *Federal Practice*, 2d ed., 1974, sec. 8.29, págs. 1876–1877; *Rivera* v. *Otero de Jové*, 99 D.P.R. 189, 194–195 (1970).

■ El hecho de que en la contestación se incluyeron expresiones que pueden interpretarse como una solicitud de sentencia por las alegaciones, aunque no se hizo moción separada a tales fines, le inyecta, por supuesto, un elemento de ambigüedad al caso. Adviértase, no obstante, que la Regla 10.3 presupone la formulación de una moción aparte que sirva la importante función de poner en guardia al contrario y evitar confusiones como la presente, pues afirma que *"Después que se hayan presentado todas las alegaciones*, pero dentro de un plazo que no demore el juicio, cualquier parte puede solicitar que se pronuncie sentencia por las alegaciones . . . ."* (Bastardillas nuestras.)

■ Aun asumiendo, *arguendo*, que el procedimiento seguido por la parte recurrida es permisible aunque no aconsejable, sin embargo, existen tres factores que debieron alertar al tribunal de instancia sobre las dificultades de dictar sentencia sin más escuchar a las partes. En primer término, en la súplica de la demanda se solicitaban no sólo los cánones vencidos hasta entonces sino los que pudieran vencerse luego. Según doctrina de este Tribunal, la súplica de la demanda no forma parte de ésta, pero sirve para interpretarla. *Rivera* v. *Otero de Jové*, supra, 194; 9 Wright and Miller, *op. cit.*, sec. 2304, pág. 31. Las alegaciones a solas, sin declaracio-

nes juradas u otros documentos que demostrasen que el caso se había transigido ofrecían una base demasiado endeble para fallar el caso en dicha etapa. Véase: *Colón* v. *San Patricio Corporation*, 81 D.P.R. 242, 269–270 (1959).

■ En segundo lugar, la demandante recurrente solicitó que se señalase la causa para juicio. Se alza ya aquí una segunda bandera roja. La demandante consideraba evidentemente, ya que pedía vista, que existía controversia sobre los hechos. La demandante pudo ser más precisa, para no inducir a error a un tribunal en extremo atareado, y haberlo dicho así específicamente, igual que pudo, por cautela, refutar antes la supuesta "moción" para que se dictase sentencia por las alegaciones. Esto no releva al tribunal, sin embargo, de utilizar los métodos a su alcance para simplificar la situación. El tribunal pudo ordenarle a la demandada que clarificase su contestación, 5 Wright and Miller, *op. cit.*, sec. 1184, pág. 16; o pudo requerirle a la demandante bajo la Regla 6.4 que presentase una réplica contra la contestación, 5 Wright and Miller, *op. cit.*, sec. 1185, págs. 17–20; o pudo citar a una conferencia con antelación al juicio para resolver cualquier ambigüedad existente y definir con nitidez la cuestión litigiosa.

■ Por último, ya en la moción de reconsideración presentada por la recurrente se le advierte con toda claridad al tribunal que existe una controversia sobre los hechos. La Regla 6.6 de las de Procedimiento Civil dispone que "Todas las alegaciones se interpretarán con el propósito de hacer justicia." La moción de reconsideración aportó luz adicional sobre el sentido de las alegaciones. Debió concederse.

*Se revocará la sentencia dictada y se devolverá el caso al tribunal de instancia para la continuación de los procedimientos.*