# 2001 DTA 127

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

NEIDA M. EMMANUELLI SANTIAGO, Y OTROS
Recurridos

v.

MUNICIPIO DE PEÑUELAS, Y OTROS
Peticionarios

Núm. KLCE-00-01197

San Juan, Puerto Rico, a 2 de marzo de 2001

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Ortiz Carrión y la Juez Pabón Charneco

Pabón Charneco, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Los peticionarios nos solicitan, mediante recurso de *certiorari*, la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el foro de instancia denegó en corte abierta una solicitud de desestimación parcial.

Por los fundamentos que expondremos a continuación, se expide el recurso y se modifica la resolución recurrida.

### I

Según surge del recurso, Neida M. Emmanuelli, su esposo, Adolfo Arroyo Casanova y la Sociedad Legal de Gananciales compuesta por ambos, en adelante, los recurridos, presentaron querella enmendada [1] contra el Municipio de Peñuelas y su Alcalde; el Director de la Defensa Civil Municipal; y su Director Interino, en adelante, los peticionarios.

En dicha querella, la señora Emmanuelli alegó que se desempeñaba como secretaria de la Defensa Civil del Municipio de Peñuelas, cuando en el mes de enero de 1999, mediante una alegada acción concertada de los peticionarios, fue degradada de su cargo. La alegada degradación tuvo lugar cuando ella fue trasladada a un lugar cuyas condiciones eran deprimentes y humillantes, todo ello, sin razón o fundamento de clase alguna que lo justificara. Alegó, también, que contaba con cincuenta y dos (52) años de edad al momento del traslado y que su lugar de trabajo fue ocupado por otra secretaria más joven que ella, menor de treinta y cinco (35) años de edad. Asimismo, planteó la señora Emmanuelli que los peticionarios, al así actuar, discriminaron contra ella por razón de su edad, la aislaron a un lugar inhóspito, privándola de los medios para poder realizar su trabajo.

Los recurridos fundamentaron las causas de acción de dicha querella al amparo del Artículo II, Secciones 1, 7, 8, 12 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico, 1 L.P.R.A. Art. II; Título VII de la Ley Federal de Derechos Civiles de 2 de julio de 1964, 42 U.S.C.A. sec. 2000(e); Ley Núm. 100 de 30 de julio de 1959, según enmendada, (Ley Contra Discrimen en el Empleo), 29 L.P.R.A. sec. 146; Ley Federal de Discrimen por Edad, 29 U.S.C.A. sec. 2000 (e) (4); y de la Americans with Disabilities Act, 42 U.S.C.A. sec. 12101.

Los peticionarios, por su parte, el 5 de septiembre de 2000, solicitaron la desestimación de las causas de acción bajo el Título VII y la Ley Núm. 100, *supra*, de la señora Emmanuelli. Asimismo, solicitaron se desestimara la totalidad de las causas de acción de su esposo, el señor Arroyo Casanova. Ambas solicitudes fueron hechas al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2.

Así las cosas, el 21 de septiembre de 2000, el tribunal de instancia celebró una vista para atender los anteriores planteamientos. Luego de escuchar a las partes, el ilustrado foro resolvió en corte abierta, en lo pertinente que, no fraccionaría las diferentes causas de acción; no ventilaría el caso en forma sumaria; y no desestimaría las causas de acción.

Inconformes, los peticionarios, el 19 de octubre de 2000, recurrieron a este Tribunal. El 22 de noviembre de 2000, le ordenamos a la parte recurrida mostrara causa por lo cual no debía expedirse el auto solicitado. Con el beneficio de su comparecencia, procedemos según lo intimado.

## II

En su recurso, los peticionarios plantean que incidió el tribunal de instancia al denegar la solicitud de desestimación parcial en torno a las reclamaciones de discrimen contenidas en la querella.

## III

Comencemos señalando que al analizar el error planteado tenemos que tomar en consideración varias normas procesales. En el caso de autos estamos ante una moción de desestimación mediante la cual se le solicitó al foro de instancia dictara sentencia parcial desestimando varias causas de acción. A fin de resolver dicha moción, el foro de instancia tenía que tomar como ciertos todos los hechos bien alegados en la demanda y al ejercer su discreción debía hacerlo de la manera más favorable para el promovido, en este caso, la señora Emmanuelli. *Rivera Flores v. Cia. ABC*, 138 D.P.R. 1 (1995); *Ramos v. Orientalist Rattan Furnt., Inc.*, 130 D. P.R. 712 (1992); *González Camacho v. Santa Cruz*, 124 D.P.R. 396 (1989); *Granados v. Rodríguez Estrada*, 124 D.P.R. 1 (1989); *Ramos v. Marrero*, 116 D.P.R. 357, 369 (1985); *First Federal Saving v. Asoc. de Condómines*, 114 D.P.R. 426 (1983).

De otra parte, hay que considerar que la demanda sólo tiene que contener "*una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio*". Regla 6.1 de las Procedimiento Civil, *supra*, R. 6.1. Las alegaciones sólo tienen el propósito de notificar, a grandes rasgos, a la parte demandada, de las reclamaciones en su contra, para que pueda comparecer a defenderse si así lo desea. *Reyes v. Cantera Ramos, Inc.*, 139 D.P.R. 925 (1996); *Rivera Flores v. Cia. ABC, supra; Bco. Central Corp. v. Capitol Plaza, Inc.*, 135 D.P.R. 760 (1994); *Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737 (1994); *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 D.P.R. 829 (1992); *Moa v. ELA*, 100 D.P.R. 573 (1982). Al entender en una moción de desestimación las alegaciones en una demanda hay que interpretarlas conjuntamente y liberalmente a favor del promovido. Unicamente se desestimará la demanda si se demuestra que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar. *Moa v. ELA, supra; Cia. de Desarrollo Comer. v. American Fruits*, 104 D.P.R. 90 (1975); *Candal v. CT Radiology Office, Inc.*, 112 D.P.R. 227, 231 (1982). "*Son los hechos alegados y no el título o súplica de la demanda lo que constituye la base determinante de la existencia de una causa de acción*". *Granados Navedo v. Rodríguez Estrada I, supra*, a las págs. 48-49; Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil*, Cap. X, pág. 453, **Publicaciones JTS**; Regla 70 de las de Procedimiento Civil, *supra*, R. 70. Véanse, además: *Neca Mortg. Corp. v. A & W Dev. S.E., supra; Rivera Flores v. Cia. ABC, supra*. Por lo tanto, "*no procede la desestimación definitiva de una demanda por dejar de exponer la misma hechos que justifiquen la concesión de un remedio si dicha demanda es susceptible de ser enmendada*". *Clemente v. Depto. de la Vivienda*, 114 D.P.R. 763, 771 (1983).

También está resuelto que en la demanda no hay que especificar bajo qué disposición legal se reclama; basta con que de los hechos que esquemáticamente se alegan surja una causa de acción bajo cualquier ley. Después de todo, el tribunal determinará la existencia de una causa de acción y concederá el remedio que proceda de acuerdo con las alegaciones y la prueba. (Enfasis nuestro.) *Rivera Flores v. Cia. ABC, supra; Ortiz Díaz v. R & R Motors Sales Corp., supra; Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 D.P.R. 860 (1995). "*Lo importante es que a la luz de alegaciones de la demanda los demandados estén razonablemente prevenidos de que los demandantes intentan reclamar*". *Ortiz Díaz v. R & R Motors Sales Corp., supra*.

## IV

Por otro lado, la Ley Núm. 100, *supra*, prohíbe el discrimen en el empleo por razón de edad, raza, color, sexo, origen social o nacional, condición social o ideas políticas o religiosas. Entre los actos que pueden ser considerados como discriminatorios, se encuentran el despido, la suspensión o los cambios injustificados en torno al sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios de su trabajo, o que deje de emplear o rehuse emplear o reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar de oportunidades de empleo o afecte su "*status*" como empleado, entre otras. **[2]**

Dicha Ley, en su Art. 6, define el término patrono de la siguiente manera:

*"(1) ...*

*(2) 'Patrono' incluye a toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, gerente, oficial, gestor, administrador, superintendente, capataz, mayordomo, agente o representante de dicha persona natural o jurídica. Incluirá aquellas agencias o instrumentalidades del Gobierno de Puerto Rico que operen como negocios o empresas privadas."* **[3]**

En *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486 (1990), el Tribunal Supremo se enfrentó a la interrogante de si un municipio del Estado Libre Asociado de Puerto Rico era un "*patrono*" para los fines de la ley antidiscrimen en el empleo, Ley Núm. 100, *supra*. Luego de analizar el historial legislativo de esa ley, concluyó que la misma estaba diseñada para proteger a los trabajadores y empleados de la empresa privada y, como excepción, a los de las agencias o instrumentalidades del gobierno que operan como empresas privadas. *Id.*, a la pág. 508. En tal sentido, atendiendo su "*razón de ser*" y su "*finalidad*", concluyó que un municipio no es una empresa privada, no opera como un negocio o empresa privada, ni tampoco es una corporación pública. Véanse págs. 510 y 511. En consecuencia, resolvió que los municipios no son "*patronos*" para los fines de la Ley Núm. 100. Véase, además, *Orta v. Padilla Ayala*, 131 D.P.R. 227 (1992).

## V

Se nos plantea en el presente recurso que, mediante la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como "*Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991*", 21 L.P.R.A. sec. 4001 y ss., se otorgaron mayores poderes y una mayor autonomía a los municipios, teniendo esto el efecto de convertirlos en una de las agencias o instrumentalidades del Gobierno de Puerto Rico que operan como negocios o empresas privadas y, por ende, se convirtieron en patronos a la luz de la Ley Núm. 100, *supra*.

De entrada, resolvemos que contrario a lo que argumentan los peticionarios, un municipio no es una corporación pública. Mucho menos una entidad o negocio privado. Si bien a éstos se le conceden amplias facultades para generar o administrar sus ingresos o bienes, y tienen personalidad jurídica independiente del gobierno central para demandar y ser demandados, no obstante, son parte integral del gobierno. *Rodríguez Cruz v. Padilla Ayala, supra*, a la pág. 510.

Entendemos que la promulgación de la Ley Núm. 81, *supra*, no alteró esa realidad. La razón de ser y finalidad de los municipios sigue siendo la misma que cuando regía el anterior estatuto, la derogada Ley Núm. 146 de 10 de junio de 1980, según enmendada, conocida como, "*Ley Orgánica de los Municipios de Puerto Rico*", 21 L.P.R.A. sec. 2001 y ss., "*procurar el bien común local y, dentro de éste y en forma primordial, la atención de asuntos, problemas y necesidades colectivas de ... [sus] habitantes*". 21 L.P.R.A. sec. 4003. Esta razón de ser y finalidad continúan aun cuando ahora sea una entidad política con mayor independencia del gobierno central.

Entendemos, en cuanto a este aspecto, que incidió el tribunal de instancia al no desestimar la causa de acción basada en la Ley Núm. 100, *supra*, de la señora Emmanuelli contra los peticionarios. Si bien comprendemos que el foro de instancia deseaba en esta etapa de los procedimientos no fraccionar las causas de acción, dicha determinación no se sostiene ante tan contundente planteamiento relacionado a dicha ley y su jurisprudencia interpretativa.

Asimismo, en cuanto a las causas de acción de los parientes al amparo de esta Ley 100, el Tribunal Supremo dijo:

"*La ausencia de esa referencia en la Ley Núm. 100, supra, sobre los Parientes de los trabajadores, se explica precisamente por la naturaleza y los propósitos de esta ley. La legislación en cuestión es exclusivamente de índole laboral. Su objeto estricto es la relación obrero-patronal. Está dirigida a tratar únicamente los derechos de los empleados y ofrecer particular protección a sus intereses. No tiene, pues, nada que ver con terceras personas que no sean empleados. Precisamente, porque tal es su ámbito y esencia, no tiene sentido alguno intentar la dilucidación de la situación jurídica de los parientes de lo obreros, en el contexto de la Ley Núm. 100. Como no les aplica, no puede ser fuente de derecho para ellos. Los derechos de los parientes de los obreros no son un apéndice del contrato laboral, ni emanan supletoriamente o de modo alguno de la referida legislación especial, por lo que no procede acudir a ella para decidir si los parientes de los obreros tienen determinados derechos o no. Los derechos de los parientes, en caso como el de marras, constituyen una normativa independiente que surge por su propia cuenta al amparo del Art. 1802 del Código Civil, supra, conforme a los principios generales de la responsabilidad extracontractual. Es a esos principios y a ese artículo, a los cuales hay que acudir como fuentes del derecho, cuando se dilucida la situación jurídica del pariente del obrero.*" (Enfasis en el original.) *Santini Rivera v. Serv. Air, Inc.*, 137 D.P.R. 1, a la págs. 5-6 (1994).

Así, pues, resolvió "*que en Puerto Rico, los parientes de un empleado que haya sido víctima de trato discriminatorio bajo la Ley Núm. 100, supra, tienen una causa de acción propia al amparo del Art. 1802 del Código Civil, supra, para obtener una indemnización por los daños que ellos mismos hayan sufrido a consecuencia del referido discrimen laboral. En tales circunstancias, se compensarán los daños propios sufridos por los parientes, una vez quede establecido el trato discriminatorio en cuestión*". *Ibid.*, pág. 14.

Como podemos colegir de lo anterior, se hace necesario establecer primero el caso de discrimen o trato discriminatorio para que prevalezca la causa de acción de los parientes al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141. Sobre este particular, nos dice el licenciado Alberto Acevedo Colom que "*[n]o obstante, si el empleado no prevalece en su reclamación bajo la Ley Núm. 100, supra, los familiares no pueden reclamar por un discrimen no probado*". ■ Resultando forzoso en el caso de autos concluir que, al no existir causa de acción para la empleada, señora Emmanuelli, al amparo de la Ley Núm. 100, no existe tampoco una causa de acción para su esposo bajo dicha ley especial.

No obstante, su causa de acción basada en el Art. 1802, *supra*, no puede ser desestimada, ya que de probarse las alegaciones de la demanda en cuanto a cualquier violación a los derechos constitucionales o acto discriminatorio incurrido por el patrono, se configuraría un acto culposo, concepto éste, que en nuestra jurisdicción es abarcadoramente amplio y no admite limitación, ni excepción de clase alguna. *Santini Rivera v. Serv. Air, Inc.*, *supra*, a la pág. 8; *Hernández v. Fournier*, 80 D.P.R. 93, págs. 96-97 (1957).

Sin embargo, deseamos aclarar que la parte peticionaria en su Moción de Desestimación solicitó, en aquel entonces, se desestimara "*la causa de acción del esposo, Adolfo Arroyo Casanova, en su totalidad*"; ■ en cambio, hoy nos solicita dictemos sentencia de desestimación parcial en cuanto a las "*todas las causas de acción alegadas por el cónyuge [señor Arroyo] de la querellante empleada del Municipio [señora Emmanuelli] bajo los estatutos laborales incluidos en la Querella*". Un análisis de ambas súplicas refleja que lo pretendido primero por los peticionarios era dejar sin causas de acción al señor Arroyo. Esto lo pudo discernir muy bien el

tribunal *a quo*, por lo que no procedía la desestimación así solicitada. En consecuencia, resolvemos que no incidió el ilustrado foro de instancia al no desestimar todas las causas de acción del señor Arroyo.

No obstante, examinada la súplica (enmendada) que hoy presentaran los peticionarios ante esta Curia, a la luz de la jurisprudencia reseñada, procedemos a desestimar sólo la causa de acción al amparo de la Ley Núm. 100, *supra*. Este Tribunal desea dejar meridianamente claro, que el señor Arroyo tiene, como dijéramos antes, una causa de acción al amparo del Art. 1802, *supra*, de sostenerse en su día por el tribunal *a quo* las alegaciones de discrimen hechas en su demanda.

## VI

Dicho lo anterior, pasemos a discutir el planteamiento de error en cuanto al Título VII de la Ley Federal de Derechos Civiles, el cual declara como práctica prohibida de empleo el que un patrono:

*"(1) Suspenda, rehuse emplear o despida cualquier empleado, o que de cualquier otra forma discrimine contra éste con respecto a su compensación, términos y condiciones de empleo por razón de raza, color, religión, sexo u origen nacional.*

*(2) Limite, segregue o clasifique a sus empleados o solicitantes de empleo en cualquier forma que les prive o pueda privar de una oportunidad de empleo o que le pueda afectar su condición como empleado por razón de raza, color, religión, sexo u origen nacional."* ■

Esta disposición es de aplicación por mandato expreso de ley a Puerto Rico, por lo que se considera patrono, entre otros, a los gobiernos municipales o estatales. ■ Además, dicha disposición permite reclamar al perjudicado, entre otros, los daños ocasionados por la acción de discrimen, un *injunction* para impedir la continuación de la acción de discrimen que constituye una violación al Título VII, daños compensatorios y daños punitivos. ■

Asimismo, se ha resuelto por los tribunales federales en Puerto Rico que la causa de acción de los parientes de víctimas de discrimen al amparo de la sección 1983 del Título VII que *"[t]he First Circuit has refused to find a constitutionally protected interest for family members in the companionship of a victim who suffers a § 1983 violation.* (Citas omitidas.) *Only the person toward whom the state action was directed, and not those incidentally affected, may maintain a section 1983 claim".* (Citas omitidas.) *López v. Padilla*, 73 F.2d 145, 153 (1999).

En caso de autos, los peticionarios argumentan que de la demanda de señora Emmanuelli específicamente surge que ella alegó ser víctima de discrimen por edad; razonan que como el Título VII, *supra*, no incluye este tipo de discrimen, resulta claramente inaplicable al caso de autos. Por lo tanto, nos solicitan se desestime la causa de acción basada en dicho Título VII, *supra*.

Este mismo planteamiento fue presentado por los peticionarios ante el foro de instancia y dicho foro lo declaró no ha lugar. Este Tribunal concurre con dicha determinación por entender que fue una sabia y acorde con la doctrina del Tribunal Supremo reseñada en la tercera (III) parte de esta opinión. Veamos.

De entrada, en la Querella-Demanda y en Querella Enmendada, la señora Emmanuelli en el párrafo 2 alegó:

*"La querellada presenta esta acción por violación a su Dignidad y a su Honra, como ser humano y como mujer en contravención a los principios y Derechos Constitucionales consagrados en el Artículo II, Secciones 1, 7, 8, 12 y 16 de la Constitución de Puerto Rico ...".* (Enfasis nuestro.) Véase Apéndice A, a la pág. 1, y Apéndice E, a la pág. 15, del recurso de los recurridos.

Como podemos colegir, de la anterior alegación claramente surge el planteamiento de discrimen por razón

de género (sexo) de parte de la señora Emmanuelli. Asimismo, alegó que dicha violación a su dignidad como mujer consistió en que fue degradada, aislada y separada de su posición a un lugar de trabajo sucio, inhóspito, humillante, deprimente, todo ello sin razón o fundamento de clase alguno que lo justificare. Claramente, el texto de las alegaciones hace innecesario aplicar la jurisprudencia anteriormente expuesta de desestimación, pero aun aplicándola, la más leve interpretación de estas alegaciones de forma conjunta, liberal y a favor de la promovida (señora Emmanuelli), demuestra que le asiste el derecho a una causa de acción al amparo de la sección 1983 del Título VII, *supra*.

No debemos pasar por alto que la señora Emmanuelli acudió al U.S. Equal Employment Opportunity Commission (E.E.O.C.), en donde presentó una querella basada en estos mismos hechos y obtuvo de dicha agencia el permiso para demandar (Right to Sue). Lo anterior significa que sus alegaciones en cuanto al Título VII, *supra*, tienen base suficiente en los hechos, ya que dicha agencia no desestimó dicha querella [9] de su faz. Por lo tanto, resolvemos que el ilustrado tribunal de instancia no incidió al no desestimar la causa de acción de la señora Emmanuelli basada en el Título VII de la Ley Federal de Derecho Civiles, *supra*.

Sin embargo, a la luz de la jurisprudencia federal antes reseñada, procede se desestimen las causas de acción de su cónyuge que estén basadas en el Título VII, *supra*, ya que no proceden las mismas conforme a derecho.

## VII

Por los fundamentos expresados, se expide el auto y se modifica la Resolución que emitiera en corte abierta el tribunal de instancia el 21 de septiembre de 2000, según modificada por este Tribunal. A tales fines, se desestima la causa de acción de los recurridos bajo la Ley Núm. 100, *supra*, y la causa de acción del Sr. Adolfo Arroyo Casanova basadas en el Título VII, *supra*.

El Juez Ortiz Carrión concurre con el resultado.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2001 DTA 127

1. La querella original, según alegaron los recurridos, fue enmendada a los únicos efectos de incluir la protección y beneficios de las Leyes Federales.

2. 29 L.P.R.A. sec. 146.

3. 29 L.P.R.A. sec. 151 (2).

4. Acevedo Colom, A., *Legislación Protectora del Trabajo Comentada*, 5ta. ed., San Juan, Ramallo Printing Bros., 1997, pág. 233.

5. Véase Apéndice de los peticionarios, a la página 17.

6. Acevedo Colom, A., *supra*, a las págs. 247-248. Véase, además, 42 U.S.C.A. sec. 2000 (e) y ss.

7. Acevedo Colom, A., *supra*, a la pág. 281.

8. *Ibid*, a la pág. 283.

9. E.E.O.C. - Querella Número 16H-99-00408.