# 2006 DTA 93

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE SAN JUAN
## PANEL III

**WILFREDO RODRÍGUEZ SOTO Y OTROS**
Recurridos

v.

**PUERTO RICO TELEPHONE COMPANY Y VERIZON INC.**
Peticionarios

Núm. KLCE-2006-00015

San Juan, Puerto Rico, a 26 de junio de 2006

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
el Juez Vivoni del Valle y la Juez Fraticelli Torres

Vivoni del Valle, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

Comparece ante nos la Puerto Rico Telephone Company (en adelante la PRTC o la peticionaria) y nos solicita que revoquemos la resolución emitida por el Tribunal de Primera Instancia (TPI) el 1 de diciembre de 2005. Mediante la misma, el TPI declaró sin lugar una moción presentada por la PRTC en la que solicitó que se dictara sentencia parcial por las alegaciones. En su resolución, el TPI dispuso que el caso de epígrafe no debía ser adjudicado sumariamente, toda vez que en los casos en que se alega discrimen en el empleo el factor de credibilidad es importante, por lo que no se favorece su adjudicación sumaria.

Por los fundamentos que exponemos a continuación, se deniega la expedición del auto solicitado. Brevemente resumimos los hechos ante nuestra consideración.

### I

El 23 de junio de 2000, el Sr. Wilfredo Rodríguez Soto (el señor Rodríguez Soto), quien para la fecha de los hechos fungía como Gerente de Ventas del Departamento de Teléfonos Públicos, presentó una demanda contra la PRTC en el TPI de Toa Alta. En la misma alegó que la PRTC no le pagó el *"car allowance"* en un período aproximado de tres años que le correspondía como gerente interino. ▇ El 21 de julio de 2000, la PRTC contestó la demanda y expuso como defensa afirmativa que el señor Rodríguez Soto incurrió en incuria por no haber ejercido sus derechos a tiempo.

Posteriormente, el 7 de febrero de 2001, el señor Rodríguez Soto y su esposa, la señora Rosa Rodríguez Cabrera (en adelante los esposos Rodríguez Soto), incoaron otra demanda contra la PRTC ante el TPI de Bayamón, la cual fue trasladada a la sala de San Juan. En tal reclamación, los esposos Rodríguez Soto alegaron discrimen y hostigamiento en contra del señor Rodríguez Soto, por lo que reclamaron una compensación debido a los daños y perjuicios sufridos. ▇ En su contestación a la demanda presentada el 8 de marzo de 2001, la PRTC alegó, entre otras defensas afirmativas, que aplicaba la doctrina de cosa juzgada y/o impedimento colateral por sentencia.

Así las cosas, el 29 de junio de 2001, el señor Rodríguez Soto y la PRTC suscribieron un documento titulado *"Estipulación y Acuerdo"*. En dicho escrito, las partes concertaron transigir con perjuicio la demanda sobre cobro de dinero en concepto del *"car allowance"*. En lo pertinente, la cláusula 6 estableció lo siguiente:

*"En consideración al pago realizado por la Compañía a Rodríguez, la Compañía queda total y permanentemente relevada de cualquier reclamación, acción, causa de acción y demanda en derecho o equidad, deudas, sumas de dinero, cuentas, controversias, acuerdos, contratos, promesas, daños y sentencia, relacionadas con salarios, o que surjan a tenor con el período de tiempo **objeto de esta transacción."*** (Énfasis nuestro). ▇

Además se estipuló que ni el señor Rodríguez Soto o sus familiares tenían reclamaciones en contra de la PRTC, las cuales surgieran de su empleo y guardaran relación con el "*car allowance*". La PRTC procedió a pagar la suma convenida ▉ y una partida en concepto de honorarios de abogado. ▉

Así pues, el 2 de julio de 2001, el señor Rodríguez Soto presentó ante el TPI de Toa Alta una "*Moción de Desistimiento*" sin especificar que ésta fuera con perjuicio. Consecuentemente, el TPI emitió una sentencia de archivo por desistimiento sin perjuicio.

Tiempo después, el 10 de enero de 2003, la PRTC presentó ante el TPI de San Juan una "*Moción en Solicitud de Sentencia Sumaria*" en la cual solicitó la desestimación de la reclamación de la acción de daños y perjuicios por los alegados actos discriminatorios y de hostigamiento. Alegó la PRTC que los allí demandantes carecían de evidencia que probara dichos actos. ▉ En su oposición, fechada el 21 de marzo de 2003, el señor Rodríguez Soto y su esposa esbozaron que no debía dictarse sentencia sumaria, pues existía una genuina controversia de hechos. La PRTC replicó el 11 de abril de 2003 a dicha oposición y manifestó que los allí demandantes crearon artificialmente una controversia de hechos. Posteriormente, con el propósito de probar el discrimen, ▉ persecución y hostigamiento, el señor Rodríguez Soto y su esposa presentaron una dúplica a la que anejaron una copia de la "*Estipulación y Acuerdo*" firmado por las partes.

Sometidas las controversias, en resolución de 25 de febrero de 2004, notificada el 1 de marzo de 2004, el TPI declaró *no ha lugar* la solicitud de sentencia sumaria presentada por la PRTC. Fundamentó su determinación en la doctrina jurídica vigente que no favorece la adjudicación sumaria en los casos de discrimen en el empleo, pues, de ordinario, éstos contienen elementos subjetivos o de intención. Señaló además que habría que hacer determinaciones basadas en la credibilidad de las personas. El TPI apoyó dicha resolución con los casos de *Jusino Figueroa v. Walgreens*, 155 D.P.R. 560 (2001); *Soto v. Caribe Hilton*, 137 D.P.R. 294, 302 (1994). Inconforme con la aludida resolución, la PRTC presentó una moción de reconsideración, la cual fue declarada no ha lugar. Posteriormente, la PRTC recurrió mediante una petición de *certiorari* ante este tribunal, la cual denegamos. La misma también fue denegada subsiguientemente por el Tribunal Supremo.

Así las cosas, el 24 de noviembre de 2004, la PRTC presentó una "*Reconvención Suplementaria*" contra los aquí recurridos, la cual fue permitida por el TPI 11 de enero de 2005 mediante una orden. En la misma, la aquí peticionaria alegó que el señor Rodríguez Soto incumplió dolosamente el contrato de transacción, pues: 1) firmó la "*Estipulación y Acuerdo*" consciente de que el convenio del "*car allowance*" estaba relacionado con el alegado discrimen; 2) presentó ante el TPI el contrato de transacción en violación a la cláusula de confidencialidad; y 3) no solicitó una desestimación con perjuicio en el pleito del "*car allowance*".

Los esposos Rodríguez Soto presentaron su contestación a la reconvención suplementaria el 14 de febrero de 2005. En ella adujeron, entre otras defensas afirmativas, que ellos podían divulgar el contenido del acuerdo, pues era necesario para su defensa. Además, señalaron que la PRTC actuó tardía y negligentemente al incoar la reconvención suplementaria, por lo que aplicaba la doctrina de incuria.

Posteriormente, el 8 de agosto de 2005, la PRTC presentó una "*Moción en Solicitud de que se Dicte Sentencia Parcial por las Alegaciones*" en la que solicitó que se desestimara con perjuicio la causa de acción en su contra por discrimen y hostigamiento. Arguyó que se incumplieron los términos del contrato de transacción y adujo que las alegaciones de hostigamiento y discrimen se pudieron reclamar en la demanda sobre el "*car allowance*", y por tanto, aplicaba la doctrina de cosa juzgada en su modalidad de impedimento colateral por fraccionamiento de causa de acción. Los esposos Rodríguez Soto presentaron su oposición y subsiguientemente la PRTC su contestación a ésta.

El 1 de diciembre de 2005, notificada el 6 de igual mes y año, el TPI, mediante resolución, declaró no ha lugar la "*Moción en Solicitud de que se Dicte Sentencia Parcial por las Alegaciones*", toda vez que en los casos

en que se alega discrimen en el empleo, el factor de credibilidad es de suma importancia, por lo que no se favorece su adjudicación sumaria, sino la celebración de un juicio en su fondo. A esos efectos, el tribunal citó los casos de *Soto v. Hotel Caribe Hilton*, 137 D.P.R. 294 (1994), y M*anagement Adm. Serv. Corp. v. Estado Libre Asociado*, 152 D.P.R. 599 (2000). Además, dicho foro aclaró que los allí demandantes tenían el derecho de desfilar toda su prueba en una vista plenaria; no obstante, no admitirían ninguna evidencia directa o indirecta a la controversia sobre el *"car allowance"* que fue objeto del acuerdo transaccional. El foro entendió que, por medio del mencionado contrato de transacción, las partes quedaron obligadas al cumplimiento de lo pactado, y por tanto, ello constituyó cosa juzgada en cuanto a cualquier causa de acción referente a dicha controversia. Finalmente, el TPI ordenó la continuación de los procedimientos.

Insatisfecha con la aludida resolución, la PRTC presentó ante nos el recurso de *certiorari* de epígrafe. En éste, la peticionaria indica que el contrato de transacción como obligación bilateral se incumplió, pues, entre otras cosas, entiende que los recurridos no solicitaron que la desestimación fuera con perjuicio, según se pactó. La PRTC señala que ello hubiese impedido cualquier reclamación en contra de ella bajo la doctrina de cosa juzgada en su modalidad de impedimento por fraccionamiento de causas de acción. Además, la peticionaria alega que se incumplió con la cláusula de confidencialidad de la *"Estipulación y Acuerdo"*, pues los recurridos utilizaron dicho contrato como apoyo para la reclamación de discrimen y hostigamiento, y no para defenderse de una reclamación en su contra. Finalmente, esgrime la peticionaria que el tribunal debió tomar como ciertas las aseveraciones que ella hiciera en su reconvención. Sostiene, además, que el TPI incurrió en la comisión del siguiente error:

*"Erró el Honorable TPI al denegar la "Moción en Solicitud de que se Dicte Sentencia Parcial por las Alegaciones" por no tomar como ciertas las alegaciones bien hechas en la reconvención y por entender que habían hechos en controversia en una reclamación puramente contractual donde los hechos que configuran el incumplimiento de un contrato válido surgen del récord y del propio acuerdo sobre el cual el honorable TPI indicó no existía controversia."*

Por su parte, los recurridos presentaron oportunamente su oposición a la petición de *certiorari*. Señalan que la sentencia que fue dictada sin perjuicio tenía la autoridad de cosa juzgada. Añade que, según la doctrina jurídica vigente, el contrato de transacción se debe interpretar restrictivamente, limitándose a los objetos expresamente determinados. Por otro lado, alega que la reconvención suplementaria se incoó 3 años 8 meses y 16 días de haberse presentado la defensa afirmativa, por lo que debía aplicarse la doctrina de incuria. Finalmente, arguyen que no incumplieron con la cláusula de confidencialidad, ya que los Tribunales no son personas o entidades ajenas a este asunto.

Con el beneficio de las posiciones de las partes, procedemos a resolver.

## II

La Regla 10.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.3, establece que cualquiera de las partes, luego de que se hayan presentado todas las alegaciones, puede solicitar que se dicte sentencia por las mismas. La regla presupone la formulación de una moción particular aparte que sirva para informar y poner en guardia al contrario, evitando así confusiones. *Cía. de Desarrollo Comer. v. American Fruits*, 104 D.P.R. 90 (1975) Sin embargo, ésta no procede cuando de las alegaciones surge una controversia sustancial de hechos. *Id.*; *Rivera v. Otero de Jové*, 99 D.P.R. 189 (1970).

A los fines de atender esta moción, todos los hechos bien alegados en la demanda y las inferencias que puedan hacerse de las mismas se estiman admitidos por la parte demandada cuando ésta solicita la sentencia por las alegaciones. *Id.*, pág. 195. No obstante, esas admisiones sólo se aceptan para propósitos de la moción, y no son finales y conclusivas en forma tal que constituyan una renuncia a cualquier controversia material que deba determinarse por la prueba en el juicio. *Montañez v. Hosp. Metropolitano*, Opinión del 24 de mayo de

2002, 157 D.P.R. ___ (2002), **2002 J.T.S. 80**. Es decir, denegada esta moción por estimarse hechos en conflicto, las partes no quedan obligadas por los hechos que asumieron como ciertos a los fines exclusivos de la moción y tienen derecho en la vista plenaria a desfilar toda su prueba. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Ed. Luiggi Abraham, San Juan, **Publicaciones J.T.S.**, Tomo I, 2000, pág. 279.

Precisa señalar que el estándar aplicable al adjudicar una moción para que se dicte sentencia por las alegaciones es idéntico al que se utiliza ante una moción de desestimación basada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. *Montañez v. Hosp. Metropolitano, supra*. Además, los hechos y alegaciones de la demanda se considerarán como ciertos; sin embargo, aquéllos en la contestación a la demanda se estimarán ciertos, sólo en lo que no estén en conflicto con la demanda. *Id.*

Por otro lado, como sabemos, la sentencia sumaria es un mecanismo procesal extraordinario y discrecional que permite a los tribunales dictar sentencia sin celebrar la vista en los méritos del caso cuando de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas, si las hubiere, surja que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho procede dictarse sentencia sumaria a favor de la parte promovente. Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Véase además, *Mgmt. Adm. Serv. Corp. v. E.L.A.*, 152 D.P.R. 599 (2000); *Luán Investment v. Rexach Construction Co.*, 152 D.P.R. 652 (2000); *Pilot Life Ins. Co. v. Crespo Martínez*, 136 D.P.R. 624, 632 (1994).

La parte que solicita la sentencia sumaria tiene la obligación de demostrar, fuera de toda duda, la inexistencia de una controversia real sobre todo hecho pertinente que, a la luz del derecho sustantivo, determinaría una sentencia a su favor como cuestión de ley. *Corraliza v. Bco. Des. Eco.*, 153 D.P.R. 161 (2001); *Hurtado v. Osuna*, 138 D.P.R. 801, 809 (1995). Por tal razón, sabido es que la sentencia sumaria sólo debe concederse cuando no hay una genuina controversia sobre los hechos materiales del caso y el tribunal se convence de que tiene ante sí la verdad de todos los hechos pertinentes, por lo cual lo único que resta es aplicar el derecho. *García Rivera, et al. v. Enríquez*, 153 D.P.R. 323 (2001). En resumen, cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente. *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 D.P.R. 906 (2001); *García Rivera, et al. v. Enríquez, supra*; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. 563, 575 (1997).

Es doctrina trillada, entonces, que el propósito de la sentencia sumaria es aligerar la tramitación de los casos, permitiendo que se dicte sentencia sin necesidad de celebrar una vista evidenciaria. *Partido Acción Civil v. ELA*, 150 D.P.R. 359 (2000). Aún así, como la determinación requiere la adjudicación de un litigio sin que las partes tengan la oportunidad de presentar su caso ante el tribunal, la jurisprudencia ha concebido la sentencia sumaria como un remedio extraordinario que sólo debe concederse cuando el promovente ha establecido su derecho con claridad. *Benítez et als. v. J & J, Per Curiam* del 30 de septiembre de 2002, 158 D.P.R. ___ (2002), **2002 J.T.S. 137**.

Ahora bien, la determinación de declarar con lugar una moción de sentencia sumaria es una que está confiada a la discreción del foro de primera instancia. *PFZ Props. Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 624 (1994). Por lo tanto, sabido es también que la existencia de duda por parte del tribunal sobre la existencia o no de una controversia de hechos en el caso bajo su consideración, derrota la moción de sentencia sumaria. *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1986); *Vera Morales v. Bravo Colón*, Opinión de 27 de febrero de 2004, 161 D.P.R. ___ (2004), **2004 J.T.S. 40**. En síntesis, sólo procede dictar sentencia sumaria cuando:

*"surge claramente que el promovido por la moción no puede prevalecer bajo ningún supuesto de hechos y que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Cuando no existe una clara certeza sobre todos los hechos de la controversia, no procede una sentencia*

*sumaria."*

*Management Administration Services Corp. v. E.L.A.*, 152 D.P.R. 599, 610 (2000).

Esta doctrina es cónsona con nuestro ordenamiento jurídico que propulsa que una parte tiene derecho a un juicio plenario cuando existe la más leve o mínima duda en cuanto a cuáles son los hechos en controversia, ello para garantizar que no se pongan en peligro o lesionen los intereses de las partes involucradas. *Vera Morales v. Bravo Colón, supra; Jorge v. Universidad Interamericana*, 109 D.P.R. 505 (1980).

De otra parte, como es sabido, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, dispone que el Tribunal de Apelaciones conocerá de varios asuntos. De este modo, mediante el auto de *certiorari*, expedido a su discreción, este foro podrá revisar cualquier resolución u orden dictada por el Tribunal de Primera Instancia. Art. 4.006(b) de la Ley Núm. 201. Por su parte, la Regla 40 del Reglamento Transitorio del Tribunal de Apelaciones aprobado el 18 de noviembre de 2003 establece los criterios para la expedición del auto de *certiorari*. Dicha regla dispone:

*"El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia."*

Asimismo, es norma claramente establecida por nuestro Tribunal Supremo que en ausencia de error manifiesto, pasión, prejuicio o parcialidad, no se intervendrá a nivel apelativo con las determinaciones de hechos, la apreciación de la prueba y adjudicación de credibilidad hecha en instancia por el juzgador de los hechos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Trinidad v. Chade*, 153 D.P.R. 280 (2001).

La norma descansa en el hecho de que los foros de primera instancia están en mejor posición para evaluar la prueba desfilada, pues tienen la oportunidad de observar y escuchar a los testigos y, por ello, su apreciación merece gran respeto y deferencia. *López y otros v. Dr. Cañizares*, Opinión de 5 de octubre de 2004, 162 D.P.R. ___ (2004), **2004 J.T.S. 165**; *Argüello v. Argüello, supra*.

Así pues, a menos que existan circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto y que la apreciación de la prueba se distancie de la realidad fáctica o ésta sea inherentemente imposible o increíble, el tribunal apelativo deberá abstenerse de intervenir con las determinaciones de hechos, la

apreciación de la prueba y las adjudicaciones de credibilidad hechas por el juzgador de los hechos. *Pueblo v. Irizarry,* Opinión de 10 de mayo de 2002, 156 D.P.R. ___ (2002), **2002 J.T.S. 68**, pág. 1110; *Pueblo v. Acevedo Estrada,* 150 D.P.R. 84 (2000). En otras palabras, las determinaciones que hace el juzgador de los hechos no deben ser descartadas arbitrariamente ni tampoco deben sustituirse por el criterio del foro apelativo, a menos que de la prueba admitida surja que no existe base suficiente que apoye tal determinación. *Rolón v. Charlie Car Rental, Inc.,* 148 D.P.R. 420 (1999); *López Vicil v. I.T.T. Intermedia, Inc.,* 142 D.P.R. 857 (1997).

### III

En el caso de marras, la PRTC acude ante nos y solicita que revoquemos la resolución recurrida a los efectos de que procede declarar con lugar la *"Moción en Solicitud de que se Dicte Sentencia Parcial por las Alegaciones"* en contra de los esposos Rodríguez Soto. Apuntamos, sin embargo, que la mencionada moción fue tratada por el TPI como una moción de *"Sentencia Sumaria"*. Así pues, no debemos perder de perspectiva que declarar con lugar una moción de sentencia sumaria es una prerrogativa que está confiada a la sana discreción del TPI. Ciertamente, cuando un juez entiende que existe una controversia de hechos en un caso ante su consideración, su deber es declarar sin lugar la moción de sentencia sumaria.

Por otro lado, la solicitud de un *certiorari* invoca el ejercicio de nuestra discreción a base de la Regla 40 de nuestro Reglamento. Hemos estudiado la resolución recurrida a la luz de los escritos de las partes y del derecho aplicable y concluimos que el TPI no abusó de su discreción al determinar que los peticionarios no demostraron, fuera de toda duda, que no había controversia de hechos. Por consiguiente, era improcedente dictar sentencia como cuestión de derecho.

En resumen, el TPI denegó la moción de sentencia parcial por las alegaciones y estimó que lo apropiado era que las partes desfilaran toda su evidencia antes del tribunal adjudicar el caso. Es de notar, además, que como medida cautelosa señaló que no se aceptaría ninguna evidencia directa o indirecta relacionada al *"car allowance"* objeto de un contrato de transacción. El tribunal recurrido, como hemos visto, entendió que era más prudente recibir toda la prueba del caso previo a emitir un dictamen, lo cual nos parece razonable. Ante este cuadro procesal, lo prudente y aconsejable es que nos abstengamos de intervenir en esta etapa del caso.

### IV

Por los fundamentos anteriormente expuestos, se deniega el auto de *certiorari* por no concurrir ninguno de los criterios para su expedición.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones

**ESCOLIOS 2006 DTA 93**

**1.** El señor Rodríguez Soto adujo que la PRTC era responsable de pagarle $6,492 más una suma $12,984 como penalidad. Solicitó además, gastos, costas, intereses legales y honorarios de abogado.

**2.** La reclamación ascendía a $250,000. Además, los esposos Rodríguez Soto solicitaron que se condenara a la PRTC al pago de costas, gastos y una suma no menor de $25,000 en concepto de honorarios de abogado.

**3.** Véase *"Estipulación y Acuerdo"*.

**4.** $9,500 por concepto de *"car allowance"*.

**5.** $2,500 por concepto de honorarios de abogado.

6. Alegaron, además, que debían desestimar la causa de acción de la señora Rodríguez Cabrera, pues la misma era contingente a la del Sr. Rodríguez Soto.

7. El señor Rodríguez Soto alegó, además, que fue discriminado por origen nacional por no saber hablar inglés.