DILIA BARLETTA, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. WILFRIDO RO-BERTS, JUEZ, demandado.

*Número:* O-70-55      *Resuelto:* 2 de noviembre de 1970

*Héctor M. Laffitte,* abogado de la peticionaria.

PER CURIAM: La peticionaria Dilia Barletta obtuvo sentencia en rebeldía en contra de los demandados José M. Marín, Hiram Barletta, Marín Realty Co., Inc., y Universal Investment Co., Inc., por virtud de la cual el tribunal concluyó que los demandados incumplieron un contrato de venta de condominio contraído por ellos con la peticionaria y en tal virtud concedió en concepto de daños la diferencia entre el precio pactado de $35,000 y el valor de la propiedad en el mercado que se determinó ser la suma de $52,688, siendo dicha diferencia la suma de $17,188 más las costas y $1,500 de honorarios de abogado.

La notificación a las partes del archivo en autos de dicha sentencia, dictada en 24 de marzo de 1969, fue realizada en 7 de abril de 1969.

Mientras se procedía a la ejecución de dicha sentencia, los demandados Marín y Barletta, por sí y en representación de las dos corporaciones demandadas solicitaron del tribunal en 22 de septiembre de 1969 que dejase sin efecto dicha sentencia alegando en apoyo de la misma que su abogado había dejado de radicar la contestación a la demanda en este caso sin conocimiento o consentimiento de los demandados quienes

lo habían instruido no sólo a no allanarse a la demanda y a no admitirla sino, por el contrario a oponerse a la misma y negarla, por creer que tienen buenas y legítimas defensas; que dicho abogado no informó a los demandados de la sentencia en cuestión; que al procederse a la ejecución de la referida sentencia solicitaron de su abogado que diera los pasos para dejarla sin efecto y éste les aseguró que todo se resolvería dentro de un procedimiento de tercería iniciado por el comprador de la propiedad; que no obstante los demandados creen que deben pedir ser relevados de dicha sentencia. Con esta moción los demandados acompañaron una contestación a la demanda negando los hechos alegados en ésta alegando que el contrato de venta fue suscrito por el demandado José M. Marín a nombre y en representación de Ada Ligia Corporation, la dueña del edificio en que radica el condominio en cuestión.

No obstante la oposición radicada por la peticionaria, luego de celebrada una vista sobre la moción para que se deje sin efecto la sentencia, el tribunal de instancia en 5 de diciembre de 1969 la declaró con lugar, dejó sin efecto la sentencia en cuestión, admitió la referida contestación y en 16 de marzo de 1970 señaló el caso para vista.

Por los fundamentos relacionados a continuación concluimos que el tribunal de instancia incidió al dejar sin efecto la sentencia que dictó en este caso y que su resolución al efecto debe anularse.

La demanda en este caso fue radicada en 21 de agosto de 1968. Seis días después los demandados por conducto de su abogado solicitaron una prórroga de 30 días para contestar. En 24 de octubre de 1968 los demandados notificaron interrogatorios a la demandante los que ésta contestó en 13 de noviembre de 1968. El 14 de noviembre de 1968 la demandante solicitó la anotación de la rebeldía de los demandados. Copia de esta solicitud fue notificada al abogado de los demandados. Nada hizo. Anotada la rebeldía, se señaló la

vista del caso, señalamiento que se notificó al abogado de los demandados. A solicitud de éstos se suspendió la vista del caso para el 17 de enero de 1969. En vista de que los demandados no comparecieron, el tribunal de instancia suspendió la vista señalándola para el 21 de febrero de 1969. A esta vista compareció la demandante y presentó su prueba en apoyo de su reclamación. Se dictó la referida sentencia en 24 de marzo de 1969.

En la vista de la moción para dejar sin efecto la sentencia en este caso no adujeron los demandados circunstancia alguna que justificase concluir que a los demandados deba relevarse de las consecuencias de los actos y omisiones de su abogado. En dicha vista éste no ofreció excusa o explicación alguna de su omisión de radicar la contestación a la demanda o de solicitar a tiempo la reapertura de la rebeldía. Se limitó a testificar que "debe moverse la discreción de este Tribunal, no a que se deje la sentencia sin efecto, sino que se reabra el caso a los efectos que Vuestro Honor oiga la prueba a los efectos de determinar a cuánto ascienden los daños ya que los daños probados son exhorbitantes que no se justifican." Luego testificó que la dueña del condominio era otra corporación no incluida entre las demandadas. En el contrato de compraventa en cuestión que obra en el expediente del caso, aparece que una parte lo fue José M. Marín y la otra la peticionaria. Sin embargo, aparece firmado por Hiram Barletta como el vendedor de la propiedad. El hecho de que Ada Ligia Corporation fuese dueña de la propiedad vendida no aparece de dicho contrato cuyo incumplimiento da lugar a la acción en este caso.

El demandado José M. Marín testificó en síntesis que confió el caso a su abogado; que éste no siguió sus instrucciones con respecto al mismo; que no tuvo conocimiento de lo ocurrido en el mismo de parte de su abogado y sí de otras fuentes cuando se estaba ejecutando la sentencia. No aparece del récord explicación alguna de porqué no se contestó a

tiempo la demanda. Tal hecho se alegó por primera vez en la contestación que se unió a la moción para dejar sin efecto la sentencia cuando ya ésta estaba en proceso de ejecutarse, de todo lo cual se notificó al abogado de los demandados. Celebrada la vista en esta última fecha sin la comparecencia de los demandados, el tribunal de instancia dictó la sentencia resumida previamente.

◼ La moción de los demandados para que se deje sin efecto la referida sentencia se basa en que su abogado dejó de radicar la contestación a la demanda sin el conocimiento de los demandados; que dicho letrado no les informó de dicha sentencia; y que descansaron de buena fe en que su abogado seguiría sus instrucciones y nunca tuvieron motivos para creer que se actuaría en sentido opuesto a las mismas. Tal solicitud no cumple con los requisitos establecidos por la Regla 49.2 de las de Procedimiento Civil. [1]

En la vista de la moción en cuestión compareció el abogado de los demandados pero no ofreció explicación o excusa alguna por su falta de actuación en el caso en beneficio de los demandados a quienes representaba. De acuerdo con la minuta de dicha vista en la misma sólo testificó el demandado José M. Marín.

---

[1] Dispone la Regla 49.2 de las de Procedimiento Civil que:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

"(1) Error, inadvertencia, sorpresa, o negligencia excusable;

"(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo a la Regla 48;

"(3) Fraude . . . falsa representación u otra conducta impropia de una parte adversa;

"(4) Nulidad de la sentencia;

"(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

"(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."

■ En *Díaz* v. *Tribunal Superior*, 93 D.P.R. 79, 88 (1966), dijimos que:

"3.—Por regla general, y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado. *Link* v. *Wabash Railroad Co.*, supra; *Deep South Oil Company of Texas* v. *Metropolitan Life Ins. Co.*, 310 F.2d 933 (2d Cir. 1962)."

■ En vista de lo expuesto, *concluimos que no existía justificación alguna para dejar sin efecto la sentencia dictada en este caso y, por lo tanto, se anulará la resolución del tribunal de instancia a ese efecto dictada en 5 de diciembre de 1969 y se restablecerá la referida sentencia en toda su fuerza y vigor.*

El Señor Juez Presidente y los Jueces Asociados Señores Hernández Matos y Santana Becerra no intervinieron.