# 2004 DTA 106

## TRIBUNAL DE CIRCUITO DE APELACIONES
## REGIÓN JUDICIAL DE SAN JUAN

ÁNGEL UBARRI APONTE
Demandante-Apelante

v.

ÁNGEL L. URBINA SANTOS, ÁNEL L. URBINA FONTÁNEZ
Demandados-Apelados

Núm. KLAN-03-00856

San Juan, Puerto Rico, a 12 de mayo de 2004

Panel integrado por su Presidenta, la Juez Rodríguez de Oronoz,
y las Juezas Peñagarícano Soler y Bajandas Vélez

Bajandas Vélez, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Ángel Ubarri Aponte (Sr. Ubarri o el apelante) nos solicita la revocación de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 10 de junio de 2003 y notificada el 19 de junio del mismo año. En la misma, el TPI declaró No Ha Lugar la demanda del epígrafe e impuso al Sr. Ubarri el pago de costas.

Analizados cuidadosamente el expediente, así como el derecho aplicable, resolvemos confirmar la sentencia apelada.

### I

Los hechos que dan lugar al caso de autos, según fueron determinados por el TPI, son los siguientes:

El 24 de abril de 1992, en la Carr. Núm. 1 de Caguas hacia San Juan, ocurrió un accidente automovilístico entre un vehículo marca Mercury Grand Marquis, conducido por su dueño, el Sr. Ubarri, y el vehículo modelo Malibu de 1978, propiedad del Sr. Ángel L. Urbina Santos (Sr. Urbina Santos), el cual iba conducido por su hijo Ángel I. Urbina Fontánez (Sr. Urbina Fontánez). Apéndice del Apelante, págs. 3-4. Por motivo de este accidente y de los daños causados al apelante, las partes firmaron un acuerdo de transacción en el cual el Sr. Urbina Santos se obligó a pagar al apelante una compensación ascendente a cinco mil dólares ($5,000.00) por todos los daños causados, incluyendo físicos, mentales y daños al vehículo.

Posteriormente, la compañía aseguradora del apelante, Pan American Insurance Company (PAICO), presentó una acción civil contra los señores Urbina Santos y Urbina Fontánez (los apelados) reclamándoles el pago de los daños ocasionados al vehículo del Sr. Ubarri. En dicho caso, el Tribunal de Primera Instancia, Sala de Caguas, dictó sentencia declarando nulo el acuerdo de transacción aludido. Por tanto, condenó al Sr. Urbina Santos y a su esposa a pagar los daños ocasionados al vehículo del apelante, los cuales estimó en seis mil cuatrocientos veinte dólares con sesenta centavos ($6,420.60). Además, el Tribunal ordenó al apelante a restituirle al Sr. Urbina Santos los cinco mil dólares ($5,000.00) pagados al primero en consideración al acuerdo transaccional declarado nulo.

Así las cosas, el 20 de marzo de 1997, el Sr. Ubarri presentó la demanda del epígrafe contra los apelados y sus respectivas esposas y sociedades legales de gananciales. Apéndice del Apelante, págs. 17-20. Entre otras, alegó en el segundo párrafo de su demanda que *"[a]l llegar a una intersección del kilómetro 25.4 y estando detenido para efectuar un viraje a la izquierda, el vehículo que conducía el demandante fue impactado por la parte trasera por un vehículo Chevrolet 1978, [...] conducido por el Sr. Ángel L. Urbina Fontánez"*. Apéndice del Apelante, pág. 17. Asimismo, acotó en el cuarto párrafo que *"[l]a causa de acción próxima y única del referido accidente fue la negligencia del codemandado Urbina Fontánez al conducir su vehículo a velocidad excesiva y no guardar la distancia debida"*. Apéndice del Apelante, págs. 17-18. A tenor con lo alegado, solicitó que el tribunal condenara a los demandados a pagar al demandante solidaria y mancomunadamente la suma de cinco mil dólares ($5,000.00) por concepto de daños, así como mil dólares ($1,000.00) por concepto de costas, gastos y honorarios de abogado.

El 16 de enero de 1998, el Sr. Urbina Santos presentó su contestación a la demanda. Apéndice del Apelante, págs. 22-23. En particular, aceptó lo alegado por el apelante en el segundo párrafo de su demanda. Sin embargo, negó en su totalidad los hechos expuestos en el cuarto párrafo.

Tras varios trámites procesales, las partes presentaron el Informe Sobre Conferencia Preliminar Entre Abogados. El TPI les ordenó someter memorandos de Derecho, luego de lo cual, las partes dieron su anuencia a que éste dictara sentencia con la prueba estipulada y sin necesidad de entrar a la vista en su fondo. Apéndice del Apelante, pág. 2.

En consideración a la prueba presentada por las partes, el 10 de junio de 2003, el TPI emitió sentencia en la cual desestimó la demanda. En esencia, concluyó que el Sr. Ubarri falló en probar uno de los elementos de su causa de acción, es decir, la negligencia. Apéndice del Apelante, pág.14. Señaló que la mera alegación del demandante respecto a la negligencia del Sr. Urbina Fontánez, sin otra prueba, no era evidencia suficiente para colocar al Tribunal en posición de determinar la alegada negligencia.

Inconforme con dicho dictamen, el apelante acude ante nos y plantea lo siguiente:

*"ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR Y DESESTIMAR SUMARIAMENTE LA DEMANDA INTERPUESTA POR UBARRI.*

*EN LA ALTERNATIVA, ERRÓ EL TRIBUNAL AL NO SEÑALAR VISTA EVIDENCIARIA PARA DILUCIDAR LA DUDA QUE TENÍA RESPECTO AL ELEMENTO DE CAUSA PRÓXIMA; LO QUE DEBIÓ HABER HECHO PARA TENER ANTE SI TODA LA PRUEBA PREVIO A LA RESOLUCIÓN DEL CASO."*

En resumen, argumenta que estaba detenido en la avenida para hacer un viraje a la izquierda cuando su vehículo fue impactado, hecho admitido por el Sr. Urbina Santos. Añade que el TPI obvió realizar la inferencia permisible y razonable de negligencia a tenor con las doctrinas de Colisión Trasera y *Res Ipsa Loquitur*. En la alternativa, arguye que si el TPI entendía que no tenía toda la prueba para poder resolver la controversia en sus méritos, debió haber diferido la resolución del caso hasta tanto se dilucidara en vista evidenciaria lo relativo a la causa próxima del accidente.

El 22 de agosto de 2003, notificado el 5 de septiembre de 2003, concedimos a los apelados treinta (30) días para que presentaran su alegato. No obstante, ya para el 2 de septiembre de 2003, los apelados habían presentado un escrito en oposición a la apelación del Sr. Ubarri. En el mismo, adujeron que el apelante había aceptado las reglas y estipulaciones que iban a regir la controversia; por tanto, se vinculó a las mismas. Intimaron además que, al apelante solicitar una vista evidenciaria, pretende subvertir y/o alterar las estipulaciones de las partes. Oposición a la Apelación, págs. 5-6. Sostienen que de su contestación a la demanda y de las estipulaciones suscritas entre las partes surge con claridad que éstos no aceptaron negligencia alguna respecto al accidente, por lo que le correspondía al apelante probar este hecho. Señalaron que el hecho de la ocurrencia de una colisión trasera en un accidente automovilístico no es automáticamente sinónimo de negligencia, ni tampoco opera una presunción concluyente.

## II

En nuestro sistema jurídico, la responsabilidad civil derivada de acciones u omisiones culposas o negligentes se rige por el Artículo 1802 del Código Civil de Puerto Rico. 31 L.P.R.A. § 5141. Éste enuncia, en forma general, una norma genérica que nos prohíbe causar daño a otro mediante conducta, sea ésta activa o pasiva. *Rivera Pérez v. Cruz Corchado*, 119 D.P.R. 8 (1987). El mismo dispone:

*"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."*

Una acción presentada al amparo del referido artículo presupone la concurrencia de tres elementos, a saber: (1) la existencia de un daño real; (2) culpa o negligencia; y (3) relación causal entre el daño causado y la conducta culposa o negligente. *Pons Anca v. Engebretson*, **2003 J.T.S. 151**; 160 D.P.R. ___ (2003); *Mun. de San Juan v. Bosque Real, S.E.*, **2003 J.T.S. 33**; 158 D.P.R. ___ (2003); *Cintrón Adorno v. Gómez*, 147 D.P.R. 576 (1999); *Montalvo v. Cruz*, 144 D.P.R. 748 (1998); *Toro Aponte v. E.L.A.*, 142 D.P.R. 464 (1997); *Soc. Gananciales v. G. Padín Co., Inc.*, 117 D.P.R. 94 (1986).

Para fines de este artículo, se ha definido el vocablo *"daño"* como *"todo aquel menoscabo material o moral que sufre una persona, ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra"*. Santini Rivera et al. v. Serv. Air, Inc. et al., 137 D.P.R. 1, 7 (1994). Asimismo, nuestro más alto foro ha dicho que la culpa o negligencia es la falta del debido cuidado que consiste en no anticipar y prever las consecuencias racionales de un acto u omisión, que una persona prudente y razonable hubiera previsto en las mismas circunstancias. *Valle Izquierdo v. E.L.A.,* **2002 J.T.S. 70**; 157 D.P.R. ___ (2002); *Montalvo v. Cruz, supra.* Este deber de anticipar y prever los daños no se extiende a todo peligro imaginable, sino a aquél que puede ser anticipado por una persona prudente. *Tornos Arroyo v. D.I.P.,* 140 D.P.R. 265 (1996). Respecto a la relación causal, rige en nuestra jurisdicción la doctrina de causa adecuada. A base de la misma, no se considerará causa toda condición sin la cual no se hubiera producido el resultado, sino la que de ordinario lo produce según la experiencia general. *Toro Aponte v. E.L.A., supra*; *Parrilla Báez v. Airport Catering Services*, 133 D.P.R. 263 (1993); *Aseg. Lloyd´s London v. Cía. Des. Comercial,* 126 D.P.R. 251 (1990).

Resulta, pues, indispensable probar cada uno de los anteriores elementos, sin los cuales no se configura causa de acción alguna que pueda ser reconocida bajo la doctrina de la responsabilidad civil extracontractual. *Valle Izquierdo v. E.L.A., supra.* Por tanto, salvo aquellas circunstancias en las que es de aplicación la doctrina de responsabilidad absoluta, ■ el demandante tiene que probar la negligencia, no basta con alegarla.

Como es sabido, la obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en la cuestión en controversia. Regla 10(B) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 10(B); *Reece Corp. v. Ariela*, 122 D.P.R. 270 (1988); *Asoc. Auténtica Empleados v. Municipio de Bayamón,* 111 D.P.R. 527 (1981); *P.R. Telephone Co. v. Tribunal Superior,* 103 D.P.R. 200 (1975). Es por ello que el peso de la prueba para establecer la negligencia del demandado lo tiene la parte demandante. *Colón González v. K-Mart,* **2001 J.T.S. 98**, 154 D.P.R. ___ (2001). En torno a este tema, el Tribunal Supremo ha expresado:

*"En materia de responsabilidad civil extracontractual, el hecho productor del daño nunca se presume. Así, pues, **la mera ocurrencia de un accidente, sin más, no puede constituir prueba concluyente demostrativa de conducta lesiva antijurídica de la parte demandada, elemento indispensable para engendrar responsabilidad.** Por tanto, quien alegadamente sufre un daño por la negligencia de otro tiene 'la obligación de poner al tribunal en condiciones de poder hacer una determinación clara y específica sobre negligencia mediante la presentación de prueba a esos efectos'. (Énfasis nuestro y citas omitidas). Id., pág. 1484.*

*Sencillamente, la negligencia no se presume y quien la imputa debe probarla."* Vaquería Garrochales, Inc. v. A.P.P.R., 106 D.P.R. 799 (1978); *Morales Mejías v. M.Pack. & Ware. Co.,* 86 D.P.R. 3, 5 (1962); *Carrión v. Díaz,* 62 D.P.R. 289 (1943).

De otra parte, se ha establecido que la prueba de negligencia civil es de menos grado y rigor que la exigida para derrotar la presunción de inocencia en un caso criminal. *Viuda de Morales v. De Jesús Toro,* 107 D.P.R. 826 (1978). Es decir, el demandante no tiene que probar la negligencia más allá de duda razonable. Empero, las circunstancias reveladas por la prueba deben ser lo suficientemente fuertes de manera que el tribunal pueda, tomando en consideración las probabilidades existentes en el caso, excluir inferencias favorables al demandado. *Viuda de Delgado v. Boston Ins. Co.,* 99 D.P.R. 714 (1971).

La negligencia no necesariamente se tiene que probar mediante prueba directa, pudiéndose probar mediante prueba circunstancial. *Colón González v. K-Mart, supra; Bacó v. Almacén,* **2000 J.T.S. 122**, 151 D.P.R. ___ (2000); Regla 10(H) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 10(H); véase, además, Herminio Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico,* Vol. I, 2da edición, **Publicaciones JTS, Inc.,** 1986, págs. 394-395. En cuanto a la prueba indirecta o circunstancial, se ha dicho que su característica fundamental es que la evidencia ofrecida, aun cuando fuera creída por el juzgador, no es por sí suficiente para

probar un hecho en controversia, sino que se requiere un proceso de inferencias en conjunción con otra evidencia ya admitida o por admitirse, o un razonamiento basado en la experiencia y las inferencias que hace una persona razonable. *Bacó v. Almacén, supra,* citando a E. L. Chiesa, *Tratado de Derecho Probatorio*, T II, **Publicaciones JTS, Inc.**, pág. 1239. Ahora bien, al considerar este tipo de evidencia, el juzgador debe conocer la distinción entre aquella que es una mera conjetura y la que es una inferencia razonable. *Id.*

Resulta pertinente recalcar que en nuestra jurisdicción las inferencias permisibles, a diferencia de las presunciones, no están reguladas por el ordenamiento. E. L. Chiesa, *Op. Cit.*; pág. 1241. *"Es inferencia la deducción que de los hechos probados hace en su discernimiento el juez o jurado, sin que al efecto medie mandato expreso de la ley"*. Brau del Toro, *Op. Cit.*, pág. 394. A tal efecto, la prueba circunstancial conlleva la presentación de evidencia sobre un hecho, del cual la existencia de otro pueda razonablemente inferirse. Es por tanto, que *"[l]as inferencias en un caso de negligencia tienen que cubrir todos los elementos del concepto de negligencia, esto es, (1) la existencia de un deber de cuidado reconocido por ley, y (2) el quebrantamiento de este deber por parte del actor"*, de manera que el juzgador pueda razonablemente concluir que existe la misma. *Id.*

Asimismo, debemos señalar que en *Rosado v. Ponce Railway & Light Co.,* 18 D.P.R. 609 (1912), se introdujo en nuestra jurisdicción la llamada doctrina *Res Ipsa Loquitur.* Ésta crea una inferencia permisible de negligencia, y autoriza al juzgador de los hechos a concluir la existencia de la misma en determinadas circunstancias. *Marrero v. Albay Insurance*, 124 D.P.R. 827 (1989). Esta teoría tuvo lugar en nuestro ordenamiento jurídico hasta que fue desterrada por el más alto foro en *Bacó v. Almacén, supra.* A tenor con ello, resultaría errónea cualquier aplicación posterior de esta doctrina y de la jurisprudencia basada en la misma.

Por último, la Regla 10.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.3, establece que cualquiera de las partes, luego de que se hayan presentado todas las alegaciones, puede solicitar que se dicte sentencia por las mismas. La regla presupone la formulación de una moción particular aparte que sirva para informar y *poner en guardia al contrario, evitando así confusiones. Cía. de Desarrollo Comer. v. American Fruits*, 104 D.P.R. 90 (1975) Sin embargo, ésta no procede cuando de las alegaciones surge una controversia sustancial de hechos. *Id.*; *Rivera v. Otero de Jové*, 99 D.P.R. 189 (1970).

A los fines de atender esta moción, todos los hechos bien alegados en la demanda y las inferencias que puedan hacerse de las mismas se estiman admitidos por la parte demandada cuando ésta solicita la sentencia por las alegaciones. *Id.*, pág. 195. No obstante, esas admisiones sólo se admiten para propósitos de la moción, y no son finales y conclusivas en tal forma que constituyan una renuncia a cualquier controversia material que deba determinarse por la prueba en el juicio. *Montañez v. Hosp. Metropolitano*, **2002 J.T.S. 80**, 157 D.P.R. ___ (2002). Es decir, denegada esta moción por estimarse hechos en conflicto, las partes no quedan obligadas por los hechos que asumieron como ciertos a los fines exclusivos de la moción y tienen derecho en la vista plenaria a desfilar toda su prueba. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Ed. Luiggi Abraham, San Juan, **Publicaciones J.T.S.**, Tomo I, 2000, pág. 279.

Precisa señalar que el estándar aplicable al adjudicar una moción para que se dicte sentencia por las alegaciones es idéntico al que se utiliza ante una moción de desestimación basada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. *Montañez v. Hosp. Metropolitano, supra.* En adición, cuando es el demandado quien solicita la sentencia por las alegaciones, los hechos y alegaciones de la demanda se considerarán como ciertos, mas aquéllos en la contestación a la demanda se estimarán ciertos sólo en lo que no estén en conflicto con la demanda. *Id.*

## III
A la luz de la normativa anterior, procede que discutamos los errores apuntados por el apelante. El Sr. Ubarri señala que el TPI no debió haber desestimado su demanda, pues éste pudo haber hecho una inferencia

permisible de negligencia a la luz de la doctrina de *Res Ipsa Loquitur* y de Colisión Trasera. Además, aduce que el TPI debió conceder una vista evidenciaria si tenía duda sobre la causa próxima de los daños. No le asiste la razón.

Según surge del expediente, el Sr. Ubarri adujo en la alegación número dos de su demanda que al llegar a una intersección en la Carr. Núm. 1, en dirección de Río Piedras a Caguas, y estando detenido para efectuar un viraje a la izquierda, *"el vehículo que conducía el demandante fue impactado por la parte trasera por un vehículo Chevrolet 1978, tablilla 16x531 conducido por el Sr. Ángel L. Urbina Fontánez"*. ■ Igualmente, en la alegación número cuatro arguyó que *"[l]a causa de acción próxima y única del referido accidente fue la negligencia del codemandado Urbina Fontánez al conducir su vehículo a velocidad excesiva y no guardar la distancia debida"*. ■

En su contestación, el Sr. Urbina Santos admitió los hechos expuestos en la alegación número dos. No obstante, negó en su totalidad la alegación número cuatro, entre otras. ■ Siendo así, la negligencia del Sr. Urbina Fontánez respecto al accidente quedó en controversia. Así lo reconoció el propio Sr. Ubarri en el Segundo Informe Enmendado Sobre Conferencia Preliminar Entre Abogados, en el cual estableció como controversia de la parte demandante-reconvenida la negligencia y responsabilidad pecuniaria del demandado. ■ Ante este cuadro, le correspondía al apelante probar la negligencia del Sr. Urbina Fontánez.

A base de la prueba estipulada, las partes dieron su anuencia para que el TPI dictara sentencia sin necesidad de celebrar una vista en su fondo. Al así proceder, las partes sometieron su caso a la consideración del juzgador sin necesidad de presentar más evidencia.

Conforme a lo anterior, el TPI concluyó que el apelante meramente alegó la negligencia del Sr. Urbina Fontánez al conducir el vehículo de motor y no puso a dicho foro en condiciones para poder determinar que, en efecto, este último había sido negligente. Concurrimos con dicha conclusión.

La negligencia, como uno de los elementos indispensables de su causa de acción, tenía que ser probada por el Sr. Ubarri, ya sea mediante evidencia directa o circunstancial. Sin embargo, no se desprende que el apelante haya presentado alguna prueba con relación a dicho elemento. Aún más, el Sr. Ubarri alegó que el Sr. Urbina Fontánez conducía negligentemente el vehículo, a exceso de velocidad y que no guardó la distancia debida, hechos que no están sustentados por evidencia alguna. ■ Por tanto, el TPI no podía dar por ciertos estos hechos que no fueron probados.

El apelante, además, aduce que el TPI debió realizar una inferencia razonable sobre la negligencia del Sr. Urbina Fontánez, amparándose en que el vehículo del primero estaba detenido y fue impactado por su parte trasera. Dicha alegación, aun siendo cierta, no es suficiente para probar la negligencia del Sr. Urbina Fontánez. El apelante no presentó evidencia sobre otros hechos que, en conjunción al primero, permitieran al juzgador inferir razonablemente la negligencia del Sr. Urbina Fontánez. Realizar dicha inferencia a base de una mera alegación trastoca el fundamental principio de que el demandante tiene que probar cada uno de los elementos de su causa de acción, pues no basta con alegarlos. Además, el TPI estaba impedido de presumir la negligencia del Sr. Urbina Fontánez, pues no se trata de un caso de responsabilidad absoluta. En suma, el apelante pretendió que el TPI hiciera una inferencia sobre negligencia sin poner a dicho foro en posición para poder realizarla.

Asimismo, como hemos anticipado, la doctrina de *Res Ipsa Loquitur* quedó eliminada en nuestra jurisdicción. A tenor con ello, el TPI no podía inferir la negligencia del Sr. Urbina Fontánez a base de tal doctrina. ■ A igual conclusión debemos llegar con respecto a la aplicación de la doctrina llamada Colisión Trasera (*Rear-end Collision*), la cual se aplica en la jurisdicción norteamericana y tiene un efecto procesal análogo al de *Res Ipsa Loquitur* en cuanto crea una inferencia de negligencia contra un conductor cuando su automóvil impacta a otro por la parte trasera. ■ Por tanto, no podemos aplicar tal doctrina en contravención a

la jurisprudencia que eliminó *Res Ipsa Loquitur* y cualquier otra teoría ajena a nuestro sistema de derecho. ■

Por último, debemos señalar que el caso de autos no se trató de una clásica moción para que se dicte sentencia por las alegaciones, al amparo de la Regla 10.3 de Procedimiento Civil, *supra*. A diferencia de ésta, aquí las partes, voluntariamente, sometieron su caso y renunciaron a una vista evidenciaria. Estas partes, incluyendo el Sr. Ubarri, dieron por sometido su caso con la prueba estipulada, de manera que el TPI dictara sentencia sin necesidad de celebrar una vista en su fondo. ■ Ninguna de las partes se opuso al procedimiento aludido, por lo que dicho acuerdo los obligó. Como se sabe, una vez hecha y aprobada por el Tribunal, una estipulación obliga a quienes la hacen y a las partes por ellos legalmente representadas. *P.R. Glass Corp. v. Tribunal Superior*, 103 D.P.R. 223 (1975). Además, las partes renunciaron a la vista en su fondo estando facultados para así hacerlo. Esto es así, toda vez que todo derecho, incluso el de rango constitucional, es renunciable. *Autoridad de Energía Eléctrica v. U.T.I.E.R.*, **2001 J.T.S. 40**, 153 D.P.R. ___ (2001).

Ciertamente, la intención que tuvieron las partes al dar su anuencia para la disposición del caso sin necesidad de celebrar una vista en su fondo, no es materia que le corresponda evaluar a este foro. Tampoco nos corresponde evaluar cuán sabia fue dicha decisión. Ahora bien, si las partes optaron por este procedimiento tienen que afrontar las consecuencias del mismo. ■ El apelante no puede pretender subsanar los efectos perjudiciales de su decisión solicitando que el TPI celebre una vista a la que él mismo renunció. Tuvo su oportunidad de probar su caso y la aprovechó como entendió que le resultaría más conveniente. El hecho de que haya perdido en esa oportunidad, no significa que tenga otra para lograr lo que no pudo lograr en la primera, pues los casos judiciales tienen que tener su fin. ■ Resolver lo contrario convertiría a todo procedimiento judicial en un ejercicio académico en el cual las partes ponen a prueba sus teorías y su evidencia y, posteriormente, la parte perdidosa solicita la revancha, esta vez presentando una mejor teoría y una mejor evidencia.

En suma, el TPI no tenía duda con respecto a la causa próxima del daño que ameritara una vista evidenciaria, como aduce el apelante. Simplemente, no se le presentó evidencia respecto a la alegada negligencia del Sr. Urbina Fontánez. Por tanto, en ausencia de prueba sobre uno de los elementos esenciales de la causa de acción, procedía la desestimación de la demanda.

### IV

Por los fundamentos expuestos, se confirma la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 10 de junio de 2003 y notificada el 19 de junio de 2003

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 2004 DTA 106**

**1.** Véase, por ejemplo, *Aponte v. Sears Roebuck de P.R., Inc.,* 144 D.P.R. 830 (1998).

**2.** Párrafo núm. 2 de la demanda, Apéndice del Apelante, pág. 17.

**3.** Párrafo núm. 4 de la demanda, Apéndice del Apelante, págs. 17-18.

**4.** Contestación a la Demanda, Apéndice del Apelante, pág. 22.

**5.** Apéndice del Apelante, pág. 33.

**6.** Según se desprende del Segundo Informe Enmendado Sobre Conferencia Preliminar Entre Abogados, la única prueba anunciada por el apelante que versaría sobre la negligencia del Sr. Urbina Fontánez era el propio testimonio del primero. Apéndice del Apelante, pág. 35. Sin embargo, no entendemos cómo el Sr. Ubarri podría testificar sobre la alegada velocidad excesiva y conducción negligente del Sr. Urbina Fontánez cuando se supone que el apelante estuviera detenido, observando el tráfico vehicular en dirección opuesta a la que transitaba el Sr. Urbina Fontánez, sin tener oportunidad de observar el vehículo de este último y el posterior impacto a su vehículo. Si éste no hubiera sido el caso, ¿podía haber tomado el apelante alguna medida para evitar el impacto o minimizar los daños?

**7.** Por esta razón, no entraremos a evaluar la posible aplicación de *Res Ipsa Loquitur* a los hechos particulares de este caso.

**8.** *Véase, Nieves López v. Rexach Bonet*, 124 D.P.R. 427, pág. 438, nota 3.

**9.** En *Bacó v. Almacén, supra,* nuestro más alto foro determinó que la doctrina de *Res Ipsa Loquitur* no iba a ser aplicada en materia de daños por ser ésta una doctrina importada de la jurisdicción norteamericana que no añade nada al derecho probatorio existente en Puerto Rico. Concluyó, a la pág. 1527: *"queda claro que nuestro ordenamiento jurídico en materia de daños no precisa recurrir o hacer referencia a tal doctrina [Res Ipsa Loquitur]. **Tampoco hace falta importar otras teorías ajenas a nuestro derecho probatorio, en vista de que el alegado vacío que se pretende conjurar no existe"***. (Énfasis nuestro.)

**10.** Surge de la sentencia apelada lo siguiente: *"Luego de varios incidentes procesales, y una vez presentado por las partes el Informe Enmendado Sobre Conferencia Preliminar Entre Abogados, el Tribunal ordenó a las partes someter los correspondientes Memorandos de Derecho. Así, y con la anuencia de las partes, se dictaría sentencia con la prueba previamente estipulada y sin necesidad de entrar a la vista en su fondo"*. Apéndice del Apelante, pág. 2.

**11.** Como es sabido, por regla general y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado. *Srio. del Trabajo v. J. C. Penney Co. Inc.,* 119 D.P.R. 660 (1987); *Maldonado v. Srio. de Rec. Naturales,* 113 D.P.R. 494 (1982); *Barletta v. Tribunal Superior,* 99 D.P.R. 379 (1970); *Díaz v. Tribunal Superior,* 93 D.P.R. 79 (1966). O sea, como regla general, los errores del abogado son imputables a la parte y la atan. Véase además Cuevas Segarra, *Op. Cit.,* T. II, págs. 790-791.

**12.** Una parte no tiene derecho a que su caso adquiera vida eterna en los tribunales, manteniendo a la otra en un estado de incertidumbre. *Dávila Mundo v. Hospital San Miguel, Inc.,* 117 D.P.R. 807 (1986).