*1143 TEXTO COMPLETO DE LA SENTENCIA
I
Recurre ante este Foro la parte peticionaria, American Detective and Security Serv., Inc. y el Sr. Iván Otero Ríos mediante Petición de Certiorari. Nos solicita revocar una Sentencia dictada el 28 de enero de 2009 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, que decretó el archivo y cierre del presente caso con perjuicio.
Por entender que la falta de interés y diligencia en el caso son evidentes, EXPEDIMOS el recurso y CONFIRMAMOS la Orden recurrida.
II
Se trata aquí de una Demanda en Daños y Perjuicios entablada por American Detective and Security Serv., Inc. y el Sr. Iván Otero Ríos el 25 de octubre de 2007.
Surge de la Demanda que desde el 22 de mayo de 2006 hasta la noche del 22 de mayo de 2007, la American Detective and Security Serv., Inc. ofreció servicios de seguridad a la Urb. El Plantío. En la noche del 22 de mayo de 2007, se presentó el Sr. Richard González Chaparro, empleado de la American Detective and Security Serv., Inc. en la caseta de seguridad de la Urb. El Plantío para entregar el mando a la compañía que comenzaría a ofrecer servicios de vigilancia en dicho lugar. Durante esta gestión, el señor González Chaparro trató de retirar documentos y equipo de la compañía de seguridad, entre otras propiedades. Se alega que los recurridos y residentes de la Urb. El Plantío, Sonia Piscani y Carlos Acevedo, trataron de impedir que el señor González retirara los mismos.
*1144 La señora Piscani acudió al Cuartel de la Policía Municipal de Toa Baja y se querelló acusando al señor González de haberse apropiado ilegalmente de bienes pertenecientes a la Asociación de Residentes de la Urb. El Plantío. El guardia municipal Angel Rodríguez Medina, se presentó a la caseta de seguridad de la Urb. El Plantío, citó a las partes para el día siguiente aclarar el asunto de titularidad y ocupó la propiedad en controversia. Se alegó en la Demanda que el guardia municipal esa noche había mostrado un carácter hostil.
Al día siguiente, el Sr. Iván Otero Ríos, en calidad de presidente de la compañía de seguridad, junto con el señor González acudieron a la citación. Surgió un altercado entre el señor Otero y el guardia Rodríguez Medina, que culminó con el arresto del señor Otero. El señor Otero permaneció arrestado hasta el día siguiente. El tribunal, luego de recibir la prueba, determinó que no había causa en ninguna de las denuncias formuladas.
Posteriormente, el señor Otero presentó una Demanda por los daños y perjuicios alegadamente sufridos. Alegó sufrimiento por falta de descanso, daños sicológicos, económicos, privación de libertad, arresto ilegal y persecución maliciosa. Solicitó una indemnización de dos millones de dólares. Por su parte, la Corporación peticionaria alegó que sufrió daños económicos que ascienden a un millón de dólares. Como parte recurrida figuran la Asociación de Residentes de la Urb. El Plantío, la Sra. Gloria González y la Sociedad Legal de Gananciales compuesta por ésta y X, el Sr. Carlos Acevedo, su esposa la Sra. Lydia Camacho y la Sociedad Legal de Gananciales compuesta por ambos, la Sra. Sonia Piscani y la Sociedad Legal de Gananciales compuesta por ésta y X, la(s) Póliza(s) de Seguro X, el Municipio de Toa Baja, el Hon. Aníbal Vega Borges en representación del Municipio de Toa Baja y el Sr. Angel Rodríguez Medina en su carácter personal y oficial como miembro de la guardia municipal de Toa Baja.
El Municipio de Toa Baja presentó la Contestación de la Demanda el 19 de febrero de 2008. Los recurridos presentaron su Contestación y Reconvención el 2 de febrero de 2008. El Municipio de Toa Baja presentó una Moción de Desestimación. El foro de instancia ordenó al peticionario replicar en quince (15) días, notificado el 18 de junio de 2008. Posteriormente, el señor Rodríguez Medina presentó una Moción de Desestimación. Nuevamente, el Tribunal de Primera Instancia ordenó al peticionario replicar en quince (15) días, notificado el 11 de septiembre de 2008. El peticionario no contestó ninguna de las dos órdenes.
El tribunal primario además ordenó al peticionario contestar un Interrogatorio sometido el 1 de mayo de 2008. El tribunal concedió dos términos para contestarlo, hasta el 21 de mayo de 2008 y luego hasta el 16 de septiembre de 2008. El peticionario no contestó. El 23 de septiembre de 2008, se llevó a cabo una vista a la que la parte peticionaria no compareció. Por tal incumplimiento se le impuso el pago de $250.00. Se le advirtió a la parte peticionaria que de no contestar los interrogatorios y las mociones de desestimación, se le impondrían mayores sanciones. Se le ordenó a la licenciada Marrero, representante legal del peticionario, que excusara su incumplimiento por escrito. Se señaló Vista para el 26 de enero de 2009, la que se notificó el 23 de septiembre de 2008.
El 21 de octubre de 2008, el recurrido, señor Rodríguez Medina, reiteró su solicitud de desestimación. El Tribunal de Primera Instancia ordenó al peticionario que replicara en cinco (5) días y que cumpliera con las órdenes anteriores, so pena de desestimar la causa de acción. Se notificó esta Orden a la licenciada Marrero y al peticionario a su dirección de récord, el 2 de diciembre de 2008. No cumplieron.
El 8 de diciembre de 2008, la parte recurrida, Carlos Acevedo, Lydia Camacho, Gloria González y Sonia Piscani presentaron Moción de Desestimación por el incumplimiento con el descubrimiento de prueba. Se le impuso $500.00 en sanciones a la parte peticionaria. A la Vista de 26 de enero de 2009 compareció el peticionario por medio de la licenciada Marrero. Para esa fecha, la parte peticionaria todavía no había cumplido con la contestación al interrogatorio ni con las mociones de desestimación. El peticionario, a través de su abogada, expresó las razones para su incumplimiento y solicitó que se le concediera nuevo término. Los recurridos se reiteraron en su posición. El Tribunal de Primera Instancia denegó la petición del peticionario por *1145 haberle ya concedido innumerables oportunidades para cumplir con las órdenes del tribunal. La parte peticionaria no pagó las sanciones impuestas, ni solicitó reconsideración. Tampoco contestó la Orden de 2 de diciembre de 2008, ni compareció.
Por tales razones y por la evidente falta de interés en el caso, el Tribunal de Primera Instancia, Sala Superior de Bayamón, desestimó con perjuicio la causa de acción. El 10 de agosto de 2009, el peticionario presentó ante el Foro de Instancia una Moción de Relevo de Sentencia, que le fue denegada mediante Orden.
Inconforme con la determinación del foro primario, el peticionario acude ante nosotros mediante Petición de Certiorari. El Sr. Iván Otero Ríos alegó que desconocía totalmente el curso del caso por falta de comunicación entre su abogada y él y por nunca haber sido notificado por el tribunal a su dirección residencial o postal. La parte peticionaria señala que el Tribunal de Primera Instancia cometió un error de derecho al no acoger su Moción de Relevo de Sentencia. Luego de evaluar los argumentos esgrimidos por la partes, EXPEDIMOS el recurso de Certiorari y CONFIRMAMOS la Orden recurrida. A continuación, exponemos los argumentos que sostienen nuestra determinación.
ni
La Regla 34.2 (3) de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, establece que:
(3) Ante la negativa a obedecer órdenes, un Tribunal podrá eliminar alegaciones o parte de las mismas, o suspender todos los procedimientos posteriores hasta que la orden sea acatada, o desestimando el pleito o procedimiento o cualquier parte de los mismos, o dictando una sentencia en rebeldía contra la parte que incumpliere.”
El tribunal tiene facultad para imponer sanciones a una parte que injustificadamente se niega u omite descubrir prueba. Rivera Cardona v. Tribunal Superior, 99 D.P.R. 276 (1970). Los tribunales tienen amplia discreción, ya sea para prohibir y castigar este tipo de conducta como para eliminar alegaciones y defensas, sancionar económicamente a las partes, al abogado o ambos y dictar sentencia en rebeldía. Rodríguez Aguiar v. Syntex de Puerto Rico, 148 D.P.R. 604 (1999).
El Tribunal Supremo indicó en el caso de Amaro González v. First Federal Savings, 132 D.P.R. 1042 (1993), que sólo procede la imposición de sanciones severas para aquellos casos extremos en que no exista duda alguna de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas y donde ha quedado descubierto el desinterés o abandono de la parte de su caso.
Las sanciones drásticas como la desestimación no son favorecidas por los tribúnales. Es imprescindible que la negativa sea intencional. Hartman v. Tribunal Superior, 98 D.P.R. 124 (1969). Los tribunales tienen discreción para desestimar una acción si la parte actora intencionalmente no contesta los interrogatorios formulados por la parte contraria. Reyes v. Mayagüez Transport, 86 D.P.R. 273 (1962).
Por otro lado, la Regla 39.2 (a) de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, indica que:
(a) Si el demandante dejare de cumplir con las Reglas de Procedimiento Civil o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él.”
*1146 En el caso de Banco Popular v. Negrón Barbosa, 164 D.P.R. 855 (2005), el Tribunal Supremo explicó que la desestimación persigue sancionar la dejadez e inacción de un litigante que inicia un pleito y luego no efectúa las gestiones necesarias para concluir el mismo. Dicha Regla tiene el propósito de acelerar la litigación y despejar los calendarios, operando la primera en la etapa temprana del pleito. Esta sanción, sin embargo, es la sanción más drástica que puede imponer el tribunal ante la dilación en el trámite de un caso, por lo que se debe recurrir a ella en casos extremos.
El tribunal siempre debe procurar un balance entre el interés en promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en sus méritos. Datiz Vélez v. Hospital Episcopal San Lucas, 163 D.P.R. 20 (2004).
El tribunal deberá imponer primeramente sanciones económicas al abogado de la parte. Si ésta resulta insuficiente, procede la sanción de desestimación o eliminación de las alegaciones, sólo después que la parte haya sido informada o apercibida de la situación y de las consecuencias que puede tener el que ésta no sea corregida. Maldonado Ortiz v. Soltero Harrington, 113 D.P.R. 494 (1982).
En casos en que no hay duda de la crasa falta de diligencia de la parte contra quien se impone la sanción y no median circunstancias que atenúan la misma, procede la desestimación bajo esta regla con el efecto de cosa juzgada. Banco de la Vivienda de Puerto Rico v. Carlo Ortiz, 130 D.P.R. 730 (1992).
En nuestro ordenamiento jurídico existe una política pública judicial de que los casos se ventilen en sus méritos. Rivera Santana v. Superior Packaging Inc., 132 D.P.R.115 (1992). “Sin embargo, esto no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales. Dávila Mundo v. Hospital San Miguel, Inc., 117 D.P.R. 807 (1986).
Una vez las partes expongan las razones por las cuales no se deba desestimar el caso, el tribunal debe balancear los intereses involucrados: “De un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y más importante aún el riesgo de perjuicio al demandado por la dilación; por lo que de no demostrarse perjuicio verdadero con la dilación es irrazonable ordenar el archivo." Echevarría Jiménez v. Sucesión Pérez Meri, 123 D.P.R. 664 (1989).
La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que:
Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:
(1) Error, inadvertencia, sorpresa, o negligencia excusable;
(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;
(4) Nulidad de la sentencia;
*1147 (5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o
(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.”
La Regla 49.2, supra, provee un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. Nada es más frustrante para el logro de ese propósito que negar a una parte su día en corte. No obstante, esta Regla no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada. Ríos v. Tribunal Superior, 102 D.P.R. 793 (1974).
La moción de relevo de sentencia no puede ser utilizada como un mecanismo para corregir errores de derecho ni como remedio sustituto para la solicitud de una reconsideración o para los recursos de apelación o revisión provistos por ley. Pagán Navedo v. Rivera Sierra, 143 D.P.R. 314 (1997).
El promovente de una moción de relevo tiene que demostrar específicamente que cumple con los requisitos de esta regla, o sea, traer a la atención del tribunal los hechos y las razones que justifican la concesión del relevo que solicita. No es suficiente el citar la Regla. Hay que indicar los hechos que justifican la moción. También deberá demostrar que en todo momento ha sido diligente en la tramitación del asunto de que se trate. Olmedo Nazario v. Sueiro Jiménez, 123 D.P.R. 294 (1989); Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283 (1988).
En Fine Art Wallpaper v. Wolff, 102 D.P.R. 451 (1974), se resolvió que los abogados no pueden descargar su responsabilidad profesional alegando un mero descuido. Esta mera alegación no constituye negligencia excusable bajo el primer inciso de esta Regla. El peso de probar negligencia excusable gravita sobre el afectado por la sentencia y éste debe justificar su posición. Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966). Como regla general, los errores del abogado son imputables a la parte. Barletta v. Tribunal Superior, 99 D.P.R. 379 (1970).
Independientemente de la existencia de uno de los fundamentos expuestos en la Regla 49.2, supra, el relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. Rivera Meléndez v. Algarín Cruz, 159 D.P.R. 482 (2003).
IV
Las Reglas 34.2 (3) y 39.2 (b) de Procedimiento Civil, supra, promueven el principio cardinal procesal de que los procedimientos en los tribunales deben tramitarse de forma justa, rápida y económica. Conforme lo establecido en nuestra jurisprudencia, la sanción de la desestimación se impondrá solamente cuando la desatención del caso o falta de diligencia sea extrema.
Coincidimos con el Tribunal de Primera Instancia en que la parte peticionaria actuó con desidia y dejadez. La parte peticionaria incumplió constantemente con las órdenes del tribunal y nunca expresó razones que justificaran sus actos. Aún no ha contestado la Orden de 2 de diciembre de 2008; ni siquiera ha comparecido. La falta de interés es evidente.
La parte peticionaria nos solicita la oportunidad de nuevamente ser oído en corte y alega que su representación legal no fue diligente en la tramitación del caso. Además, aduce que nunca estuvo enterado de los procedimientos porque el tribunal no le notificó a su dirección.
En cuanto al primer planteamiento, si el peticionario no estaba conforme con la labor realizada por su representante legal y sabiendo que como regla general la negligencia del abogado es imputable a la parte (Ríos *1148 v. Tribunal Superior, supra), el haber esperado casi dos años para solicitar su renuncia, reafirma la falta de interés y diligencia del señor Otero Ríos.
Con relación al segundo planteamiento, siempre se notificó al peticionario todo escrito a la dirección que aparece en la demanda a la cual debía notificársele. En el récord no hay evidencia alguna que el peticionario le notificara al tribunal un cambio de dirección. El Tribunal de Primera Instancia agotó todas las medidas a su alcance al imponer sanciones, advertir sobre la desestimación y notificar a la parte.
Se le impuso sanciones en primer término al abogado y al no surtir efectos positivos dicha acción, se procedió a desestimar la Demanda. La parte peticionaria fue propiamente apercibida de la situación y de las posibles consecuencias y a pesar de ello, ignoró todas las órdenes del tribunal. El Tribunal de Primera Instancia fue extremadamente leniente y concedió a la parte peticionaria innumerables oportunidades para ser escuchada.
La parte peticionaria dispuso como señalamiento de error que hubo un error de derecho y que en el caso de autos existían condiciones que constituían justa causa para el relevo de sentencia.
Primeramente, no se puede utilizar la moción de relevo de sentencia para corregir errores de derecho del tribunal. Se trata solamente de errores atribuibles a las actuaciones de las partes en el pleito. Cuando se trata de errores de derecho, el remedio disponible es ir en alzada al tribunal apelativo. En ningún caso una moción bajo esta regla puede sustituir los recursos de reconsideración y apelación para revisar la aplicación del derecho. Rodríguez v. Empresas Tito Castro, Inc., 152 D.P.R. 79 (2000); Vázquez Ortiz v. López Hernández, 160 D.P.R. 714(2003).
Finalmente, para poder solicitar un remedio bajo el sexto inciso de esta Regla (justa causa), es necesario que la parte haya sido diligente en el trámite del caso. Neptune Packing Corp. v. Wackenhut Corp., supra. El peticionario no fue diligente. El último inciso de esta regla no es una llave maestra para reabrir procedimientos, dejando sin efecto lo actuado.
El propósito cardinal que tiene la imposición de sanciones a las partes es evitar el desafío a la autoridad judicial. Decisiones como ésta son indispensables para poder promover el respeto que se merecen nuestros foros judiciales.
V
Luego de considerar, sopesar y balancear los intereses de ambas partes, EXPEDIMOS el auto de Certiorari y CONFIRMAMOS la Orden recurrida por entender que el foro de instancia no incidió en error.
Lo acuerda y manda este Tribunal y lo certifica la Secretaria.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones